# Wentz's Estate.

*Executors and administrators—Decedents' estates—Account—Distribution—Claims against distributees—Set-off—Partnership.*

1. It is against the policy of the law to permit an executor to set off his individual claims against a distributee; and the orphans' court has no jurisdiction to decree such set-off.

2. Partnership affairs between an executor and a brother, both executor and brother being distributees of the estate, must be settled between them personally, and not through the account of the executor.

3. The mingling of an administration account with a distribution account is very bad practice.

4. The duty of an executor is to collect assets and pay debts and present a clear and distinct account to the orphans' court showing the balance on hand for distribution. It is then for the court to supervise the account and pass upon any other claims that may be presented against the estate and award distribution to those legally entitled thereto.

Argued April 14, 1909. Appeal, No. 116, Jan. T., 1909, by W. K. Gresh & Sons, from decree of O. C. Luzerne Co., No. 266 of 1902, dismissing exceptions to adjudication in Estate of George S. Wentz, deceased. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Reversed.

Exceptions to adjudication. Before FREAS, P. J.
The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing exceptions to adjudication.

*James L. Morris* and *J. P. Hale Jenkins,* for appellants.— The debt due to the personal representative individually by

a legatee or distributee may not be set off against his legacy or distributive share of the estate to the beneficiaries: Bradshaw's App., 3 Grant, 109.

The orphans' court has no power to consider the indebtedness of a distributee to the representative personally: Siegfried's Est., 1 Woodward, 77; Carter's App., 10 Pa. 144; Ottinger's Est., 4 Pa. Dist. Rep. 711; Landis' Est., 2 Phila. 217; Geisz v. Geisz, 7 Pa. Dist. Rep. 615.

*J. Q. Creveling,* with him *Wm. G. Freyman,* for appellee, cited: Romig v. Erdman, 5 Whart. 112.

OPINION BY MR. JUSTICE POTTER, October 11, 1909:

This is an appeal from the decree of the orphans' court, of Luzerne county, dismissing certain exceptions to the distribution account of the executor of the will of George S. Wentz, deceased. The appeal is taken by Gresh & Sons, assignees of all the right, title and interest of C. Perry Wentz, one of the devisees of George S. Wentz. The exceptions are to the charges made by the accountant against the share of C. Perry Wentz, in the fund for distribution. It appears from the record, that George L. Wentz, the executor of his father's will, was in partnership with his brother C. Perry Wentz under the firm name of the C. P. Wentz Company. In January, 1906, the firm was indebted to Gresh & Sons, wholesale tobacco dealers, in a sum exceeding $50,000. To pay this indebtedness the executor made use of securities of the estate as collateral, to secure a loan of $28,500, and turned the proceeds over to the Wentz Company. The further sum of $19,484.50 was raised by the sale of certain stocks belonging to the estate, so that the sum of $47,984.50 of the funds of the estate was used by the executor in liquidation of the partnership indebtedness to Gresh & Sons. By the direction of C. P. Wentz, who was the active partner, the bookkeeper of the firm credited on the books the amount as having been contributed, one-half by each partner. C. P. Wentz contends that the same division of the funds drawn from the estate should have been made by the executor in stating his account. But in-

stead of so doing, the executor charged C. P. Wentz with $35,960.62 and himself with $11,963.88. This division was not accurate, for it lacks $60.00 of making the total taken from the estate to pay partnership indebtedness. The reason given by the executor for attempting to make such a division, and such a charge, is that the partners, while equally liable for the debts of the firm, and equally interested in the profits, had not drawn from the firm the same amount; that C. P. Wentz had drawn out $34,187.01, while he, George L. Wentz, had drawn but $10,190.72, and he, therefore, undertook to restore the balance, by charging the larger amount to his brother, as in distribution of the funds of the estate. Here again the figures seem to be inaccurate, even if such action on the part of the executor was permissible. But it was not. The whole thing was wrong. It was an attempt upon the part of the executor to pay to himself, out of the funds of the estate in his hands, a debt owed to him by his brother. It is against the policy of the law to permit an executor to set off his individual claims against a distributee. In the present case the executor took the matter in his own hands, without waiting for the process of distribution by the orphans' court; but even that court in settling a distribution account, would have no jurisdiction over a claim by the administrator or executor in his own right, against a distributee. "To entertain a claim made by the administrator for a debt due from one of the distributees, by the orphans' court, after final decree of settlement or before, would be totally without warrant in the statute, and contrary to the universal practice of the orphans' court. It would be involving that court in the settlement of claims belonging to the common-law courts, and not appertaining to its jurisdiction:" Carter's Appeal, 10 Pa. 144. Claims against the shares of distributees are not to be considered by the orphans' court, unless the shares have passed by assignment, or have been attached in the hands of the executor or legal custodian. In the case now before us, the estate had nothing whatever to do with the settlement of the partnership affairs between the executor and his brother, C. P. Wentz. That was a personal matter. Therefore the amount for which credit is claimed as

of June 8, 1907, of $35,960.62 paid to Wentz Company, and the following item of $1,288.83 as interest thereon, have no proper place in the account, and should be stricken out. The same thing is to be said of the item of $11,963.88 charged to George L. Wentz for the same purpose. The partnership affairs between the brothers should be settled between them personally, and not through the account of the executor.

We feel that we ought to say further that the mingling of the administration account with the distribution account, as has been done in this case, is very bad practice. It is very confusing. The duty of the executor is to collect the assets, and pay the debts, and present a clear and distinct account to the orphans' court, showing the balance on hand for distribution. It is then for the court to supervise the account, and pass upon any other claims that may be presented against the estate, and award distribution to those legally entitled thereto. The orphans' court has not in this case made any schedule of distribution, showing the amount to which each of the devisees is entitled, under the terms of the will, nor the amount chargeable to each as advancements. Nor does the schedule prepared by the accountant show how the amounts paid to the various distributees, compare with the amounts to which they were entitled under the will of the decedent. As the schedule was presented, it is quite apparent that insufficient provision was made for the payment to the grandchildren, of the amount due them under the terms of the will, while an undue amount of cash was advanced by the executor to himself, and to his brother, C. P. Wentz.

All the assignments of error are sustained, and the decree of the orphans' court confirming the account as stated, is reversed; and it is ordered that the account be restated in accordance with the principles expressed in this opinion, and that a schedule and decree of distribution, in accordance with the terms of the will, be prepared by the orphans' court. The costs of this appeal to be borne by the executor.