## Kenin's Estate.

Argued December 2, 1942. Before MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Thomas P. Mikell,* with him *Saul, Ewing, Remick & Harrison,* for appellant.

*Harry M. Miller,* for appellee.

OPINION BY MR. JUSTICE MAXEY,* January 4, 1943:

This is an appeal by the Pennsylvania Company for Insurances on Lives and Granting Annuities (hereinafter referred to as the Company), from the audit of a second account filed in Nucom Kenin's Estate, of the money received by the executors from the Company by virtue of the decision of this Court in Kenin's Trust Estate (no. 1) 343 Pa. 549, 23 A.2d 837.

Upon the death of Nucom Kenin the Company under the deed of trust of certain life insurance policies collected the proceeds and invested them, and erroneously paid out of the income $6,918.66 to Joseph Kenin a child of Nucom Kenin. Joseph Kenin was also a creditor of his father Nucom Kenin and at the audit of the executors' first account his claim was allowed for $9,554.25. The estate however was then thought to be insolvent and so he received only $1,027.98. When the deed of trust of the policies was declared to be subject to the claims of creditors of the settlor and the trustee was required to pay over to the Executors of the settlor's estate the entire proceeds of the insurance policies, the executors filed a second account consisting of these proceeds, and at the audit the Company objected to paying a further dividend of $3,733.70 to Joseph Kenin as a creditor of the Estate of Nucom Kenin. In its argument before this Court it states "The Pennsylvania Company took the position that Joseph Kenin should give credit to the Pennsylvania Company for the amount of the

---

* Mr. Justice MAXEY became Chief Justice on January 4, 1943, after this opinion was filed.

payments previously made to him out of the proceeds of the insurance policies before he should be entitled to any further dividend as a creditor of the Estate of Nucom Kenin or, in other words, that he should not be paid twice at the expense of the Pennsylvania Company, one of the Executors. . . ." The learned judge before whom the account was audited in his adjudication said this: ". . . The Pennsylvania Company, etc., one of the present accountants, now claims that it should be allowed credit against the claim of Joseph Kenin, the creditor, for the amounts so paid him in the distribution under the deed of trust. As I understand the contention being made, it is as follows: The Pennsylvania Company, etc., was not only trustee under the deed of insurance trust, but also an executor of the estate of this decedent. It held in its hands certain proceeds of insurance policies. It has now been judicially determined that those proceeds were assets for the payment of creditors of the estate. Joseph Kenin was and is one of those creditors. The Pennsylvania Company, etc., paid out of those assets the sum of $6,918.66 to Joseph Kenin. Since Joseph Kenin, or his representatives, are now claiming at this audit a pro rata share of those assets in the capacity of a creditor, he should be required to give credit to the Pennsylvania Company, etc., for the sums which he received as payments on account of his claim as a creditor. In short, the Pennsylvania Company, etc., contends that it paid the amounts in question to Joseph Kenin in the relationship of executor and creditor, rather than as trustee and life tenant. Unfortunately, the facts of the case do not bear out this theory. The account sworn to and filed by the trust company as trustee under the deed of trust, . . ., shows payments by way of distribution to Joseph Kenin as an income beneficiary under the deed, not to him as a creditor of his father's estate. In truth and in fact the payments in question were made to him as a life tenant, not as a creditor—any other argument is fallacious. . . .

Also, it is to be noted that the last distribution of income to Joseph Kenin under the deed of trust was on January 5, 1935, more than six years prior to the time the present claim was initiated, and the Statute of Limitations operates to preclude a recovery based on the theory of set-off of one obligation or debt against another."

This legal position assumed by the Company is one of set-off. The Company, as one of three executors, desires to set off as against the moneys it is ordered to pay to a creditor of its decedent's estate the moneys it had theretofore erroneously paid, as trustee, under a deed of trust to one it believed was a cestui que trustant. Such an off-set requires mutuality of parties. The cause of action set up as a set-off must exist in favor of all the executors against the payee, not in favor of one alone; and debts, in order to be set off against each other are subject to the same test of mutuality; that is, they must be due also to and from the same person in the same capacity. These principles of set-off are definitely established in Pennsylvania. In *Fisher Building and Loan Association's Appeal,* 339 Pa. 5, 8, 14 A. 2d 98, it is said that where an obligation is not "enforceable in an action at law, it cannot be set off against an opposing claim". For these reasons the adjudication by the Orphan's Court in banc upon the exceptions to the auditing judge's adjudication must be upheld. The learned court below said:

"The auditing judge committed no error in refusing to allow a debt due the executor in its corporate capacity to be set-off against a distributee of the Estate of which it is Executor. From *Darrock v. Hay,* 2 Yeates 208, to *Wentz's Est.,* 225 Pa. 566, 74 A. 424, it has been consistently held that claims due an executor, individually, cannot be set off against a claim due by the estate. We dismiss the exceptions, without prejudice, however, to any right that the Exceptant may have, in its corporate capacity, to proceed directly against the distributee in appropriate proceedings."

This judgment of the court below is affirmed.