WALTERS et v SMITH et

Ohio Appeals, 9th Dist, Summit Co

No 1483.   Decided Jan. 9, 1929

Commins, Brouse, Englebeck & McDowell, Akron, for Walters, et.

Roetzel & Olds, Akron, for Smith, et.

FUNK, J.

The only issue before the jury was, What was the correct amount due plaintiffs on the contract?

Defendants offered in evidence some seventy-eight receipts which they had received from plaintiffs for claimed payments on said contract. Plaintiffs admitted they had signed all these receipts and that they had received the money for all of them except seven. It clearly appears throughout the record, including the charge of the court, that the real and only issue before the jury was whether or not the seven receipts were given for money then received or were given as duplicate receipts for wrong amounts or for the purpose of showing what part of certain amounts previously paid were interest and what part were principal.

The court charged "The burden of proof is on the defendant to show that he made the payments which he claims to have made over and above what the plaintiffs admit they received."

Counsel for defendants contend that in view of the pleadings and these receipts offered in evidence, the burden of proof was upon the plaintiffs to show that the receipts were not what they purported to be and that the court should have so instructed the jury, and that this is especially so since the receipts themselves, with plaintiffs' admissions that they signed them, made out a prima facie case and that defendants, by backing up the receipts with their verbal testimony that they had paid the money represented by them, thus made out more than a prima facie case, and that the burden was therefore upon plaintiffs to show that said receipts were not what they purported to be by showing that payment had not been made on the receipts and that they were duplicates given for wrong amounts or given for some other reason, as claimed by them.

Counsel for defendants quote the syllabus and from the body of the opinion on page 127 of the case of Ginn v. Dolan, **81 OS. 121,** in support of their proposition.

In that case the court held that the defense that a note was given or obtained without a valuable consideration was not an affirmative defense, and that the burden of proof was upon the plaintiff at every stage of the case to show a consideration for the note.

We call attention to the last paragraph of the opinion in that case, on page 129.

While this paragraph is perhaps obiter dicta so far as that case is concerned, when considered in connection with the rest of the opinion it clearly appears that the Supreme Court therein considered the distinction between a **want** of consideration and a **failure** of consideration, by pointing out that a **failure** of consideration and payment are affirmative defenses requiring defendant to prove them by a preponderance of the evidence, while a

want of consideration is not an affirmative defense and leaves the burden upon plaintiff to prove that there was a valuable consideration.

It is thus apparent that said case of Ginn v. Dolan does not support the contention of counsel for the defendants, but rather sustains the court in its charge upon the burden of proof as to the payments claimed by defendants for the seven receipts, and that the court did not err in its charge as to the defense of payments claimed and not admitted by plaintiff.

Finding no prejudicial error. the judgment is affirmed.

Washburn, PJ, and Pardee, J, concur.