Stewart, J.
 

 The sole question in this case relates to the application of Section 11663-1, General Code, to what are substantially undisputed facts. The part of that section which we must interpret and apply, reads as follows:
 

 “Any judgment for money rendered in a court of .record in this state upon any indebtedness, which is secured or evidenced by a mortgage, or other instrument in the nature of a mortgage, on real property or any interest therein, upon which real property there has been located a dwelling or dwellings for not more than two families which has been used in whole or in part as a home or farm dwelling or which at any time was or is now held as a homestead by the person who-executed or assumed such mortgage or other instrument, or which has been held by such person as a homesite, shall be unenforceable as to an/ deficiency remaining due thereon, after the expiration of two years from the date of the confirmation of any judicial sale of such property completed subsequent to the rendition of such judgment, or after August 19, 1939, whichever shall be later. * * *”
 

 Plaintiff owned and used the premises involved herein as a ’ omestead for three or four months but moved out of such premises before he mortgaged the same to defendant and did not thereafter use or occupy the premises as a homestead.
 

 
 *216
 
 The foreclosure money judgment involved in this case was for money upon an indebtedness secured by mortgage upon the premises involved herein, and, concededly, more than two years had expired from the date of the confirmation of the judicial sale of the property before defendant deducted money from plaintiff’s commercial account and used it to satisfy the deficiency in such judgment.
 

 Was that judgment unenforceable as to the deficiency, by virtue of Section 11663-1, General Code? If it was, did defendant have any right to take the amount of the deficiency from plaintiff’s commercial account upon the theory of setoff?
 

 The Court of Common Pleas entered judgment for the defendant and thus justified defendant’s action in taking the amount of the deficiency from plaintiff’s commercial account in satisfaction of such deficiency, apparently upon the theory that Section 11663-1, Gen-, eral Code, did not apply to a situation where the judgment debtor had not occupied the residence upon the mortgaged premises during the period of the mortgage.
 

 The Court of Appeals reversed the judgment of the Court of Common Pleas and entered judgment for plaintiff and held that Section 11663-1, General Code, was applicable because of the plain, clear and unambiguous meaning of the words therein, and that the section applied if the premises had been used as a home or held as a homestead or homesite during the period of the mortgagor’s ownership of the premises, whether before or during the existence of the mortgage.
 

 We agree with the Court of Appeals in its conclusion that the words of a statute must be given their common, ordinary and accepted meaning in the connection in which they are used, and agree with the holding in
 
 Baker
 
 v.
 
 Powhatan Mining Co.,
 
 146 Ohio St., 600, 67
 
 *217
 
 N. E. (2d), 714. However, the writer of this opinion does not agree that the plain, clear and unambiguous meaning of the words in Section 11663-1, General Code, supports the interpretation given such words by the Court of Appeals.
 

 That statute says:
 

 “* * * upon which real property there has been located a dwelling or dwellings for not more than two families which has been used * * * as a home or #
 
 *
 
 * held as a homestead by the person who executed or assumed such mortgage * * * or which has been held by such person as a homesite * # *.’?
 

 Such a dwelling could not have been used or held as a home or held as a homestead by a person who executed or assumed a mortgage thereon, until after he had executed or assumed the same. If he so held the property before he executed or assumed the mortgage, he would not have held it as a person who so executed or assumed. In this case, therefore, plaintiff never as a person who executed the mortgage used the dwelling as a homestead or held it as a homesite. When he resided in the dwelling he was not a person who had executed or assumed a mortgage upon the premises, and as such person he never occupied the dwelling as a homestead or held it as a homesite, for the reason that after he became such person he never again resided upon the premises in question. Therefore, if the plaintiff’s status alone were involved and there had been no assumption of plaintiff’s mortgage by any one who had resided in the dwelling on the premises, it could be logically contended that Section 11663-1, General Code, was not applicable as to the deficiency in the judgment against the plaintiff in the present case. However, the situation with reference to Mike and Elizabeth Butty must be considered in our decision in this case.
 

 It will be remembered that the Buttys purchased the
 
 *218
 
 premises from plaintiff after plaintiff had executed his mortgage to defendant; that the Buttys assumed and agreed to pay such mortgage; that they moved into the dwelling upon- the premises; and that they used such dwelling wholly as a home, held it as a homestead and as a homesite for the entire period from October 1925 until the foreclosure of the mortgage in 1936. So, though it might be said that plaintiff, as a person who executed a mortgage thereon, had not used the dwelling as a home or held it as a homestead or home-site, it is obvious the Buttys were persons who had assumed such mortgage and had used such dwelling as a home and held it as a homestead or homesite during the existence of the mortgage.
 

 It is manifest and indeed conceded that Section 11663-1, G-eneral Code, is applicable as to any claim which defendant has against the Buttys upon the deficiency in the judgment herein involved, and we must consider this situation with reference to the case between plaintiff and defendant.
 

 The foreclosure money judgment was against the plaintiff, his wife and both the Buttys. It is for the same indebtedness, to wit, the indebtedness which was the balance due on the mortgage indebtedness after the application-1 of the proceeds from the sale of the mortgaged premises. The plaintiff and his wife were liable for that judgment as mortgagors and the Buttys as assumers of the mortgage. But, the judgment is the same, and the indebtedness was evidenced by a mortgage.
 

 In
 
 Riegel
 
 v.
 
 Belt, Admr.,
 
 119 Ohio St., 369, 164 N. E., 347, paragraph three of the syllabus reads as follows:
 

 “The purpose of a mortgage is to secure the payment of a debt. A note described in the condition of a mortgage is only evidence of the debt. No change in the form of the evidence, or the mode or time of payment, not amounting to actual payment of the debt, or
 
 *219
 
 an express release, will operate to discharge the mortgage. ’ ’
 

 See
 
 Brigel
 
 v.
 
 Creed,
 
 65 Ohio St., 40, 60 N. E., 991.
 

 It logically follows that the foreclosure money judgment is one for money due on an indebtedness secured by mortgage, and it is the same indebtedness as to all four parties against whom the judgment was rendered., regardless of the fact that two of the parties signed the note which was secured by the mortgage and the other two assumed and agreed to pay the mortgage.
 

 Section 11663-1, General Code, provides that the judgment therein described shall be unenforceable as to any deficiency, at the expiration of two years from the date of the confirmation of the judicial sale of the property. The judgment in the instant case is unenforceable as to the deficiency for the reason that the statute is directed toward the judgment rather than the persons connected with it.
 

 The assumption of the mortgage by the Buttys and their residence in the dwelling, on the premises upon which the mortgage was given, for more than ten years until the mortgage was foreclosed, make Section 11663-1, General Code, applicable to the foreclosure money judgment in this case.
 

 As we have stated, it is conceded that the judgment could not be enforced by defendant as to the Buttys. If it could be enforced as to plaintiff, an absurd result would follow.
 

 In
 
 Walser, Admr.,
 
 v.
 
 Farmers Trust Co. of Indianapolis, Ind.,
 
 126 Ohio St., 367, 185 N. E., 535, the fifth paragraph of the syllabus reads as follows:
 

 “Where the grantee of real estate, as a part of the purchase price thereof, assumes to pay a debt secured thereon by mortgage, the grantor being also personally bound for the payment, such assumption as between the grantor and grantee constitutes the grantee the principal debtor and the grantor his surety.”
 

 
 *220
 
 In the present case, as between the Buttys and plaintiff, the Buttys were the principal debtors to defendant, and plaintiff was surety. Therefore, if plaintiff were compelled to pay the judgment deficiency to defendant, he as surety would have an action over against the Buttys as principal debtors. The result would be that the conceded application of Section 11663-1, General Code, to the Buttys would furnish them no protection.
 

 It could well be argued that the General Assembly had this last situation in mind when it provided, in Section 11663-1, General Code, that a judgment for money upon an indebtedness secured by mortgage is unenforceable as to any deficiency after the expiration of two years from the date of the confirmation of the judicial sale of the property, not only where the person who executed the mortgage used the premises as a home or held it as a homestead or homesite, but, likewise, where one who assumed the mortgage did the same, and that in either case the statute would apply so as to give complete protection to the one who came within the meaning of its terms.
 

 The defendant contends further that plaintiff’s action should fail for the reason that defendant is not asking and has not asked for the enforcement of the judgment deficiency; and that it has merely asserted its legal right to deem mutual credits compensated. Defendant claims that Section 11663-1, General Code, is a statute of limitation, as this court has held.
 
 Lash, Admx.,
 
 v.
 
 Mann,
 
 141 Ohio St., 577, 49 N E. (2d), 689;
 
 State, ex rel. Squire, Supt.,
 
 v.
 
 Pejsa,
 
 148 Ohio St., 1, 72 N. E. (2d), 374.
 

 Defendant argues further that statutes of limitation, to become effective, must be set up as a defense, and that since it brought no action to enforce its judgment and the statute could not be set up as a defense, Section 11663-1, General Code, is not involved in this case.
 

 
 *221
 
 This contention of defendant amounts simply to the claim that it had a right to take the money in the commercial account which plaintiff had with defendant, upon the theory of setoff. The weakness of this contention is apparent because of the well established rule that a setoff must have been a subsisting right at the time it is utilized.
 

 In the case of
 
 Christian A. Fisher Bldg. & Loan Assn’s Appeal,
 
 339 Pa., 5, 14 A. (2d), 98, it was held:
 

 “Where an obligation at that time [closing of insolvent institution and appointment of receiver] is neither due, nor liquidated, nor capable of liquidation by any known legal standard, nor enforceable in an action at law, it cannot be set off against an opposing claim.”
 

 In the case of
 
 Kenin’s Estate,
 
 346 Pa., 127, 29 A. (2d), 495, it was held: “Where an obligation is not ‘enforceable in an action at law, it cannot be set off against an opposing claim.’ ”
 

 It follows that if the judgment deficiency was not enforceable against plaintiff by defendant at the time defendant took the money from plaintiff’s commercial account to satisfy the judgment, the doctrine of setoff had no application.
 

 The matter of plaintiff’s claim for punitive damages and attorneys’ fees is not before us, the Court of Appeals having held that plaintiff was not entitled to them, and that question not having been raised in this appeal.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Turner and Taft, JJ., concur.