Benson, Appellant, *v.* Lamb, Admr., Appellee.

(No. 265—Decided May 23, 1951.)

*Mr. E. Raymond Morehart,* for appellant.
*Mr. Judson C. Kistler,* for appellee.

McClintock, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Fairfield County. We shall refer to the parties in this opinion as they were designated in the court below.

Plaintiff commenced an action in the Court of Common Pleas against the defendant, Robert Lamb, administrator of the estate of Clarence N. Benson, deceased, claiming that he, plaintiff, was employed by the defendant's decedent from October 9, 1945, to April 13, 1948, and listing an account showing the dates on which plaintiff worked for decedent and the nature of the work. Such account, marked exhibit A, is attached to the petition, incorporated therein, and made a part thereof. Plaintiff claims that he worked 2,181 hours; that the reasonable value of his services was 75 cents per hour, making a total of $1,635.75; that he presented a claim to the administrator for such amount and requested the allowance thereof; that the administrator disallowed such claim; that payment has never been made for this work and labor; and that there is due him from the estate of Clarence N. Benson, deceased, the sum of $1,635.75, for which amount he prays judgment against defendant.

To the petition the defendant filed an answer admitting that he was appointed administrator of the estate of Clarence N. Benson, deceased, that plaintiff presented a claim to him, and that the claim was disallowed, and denying each and every other allegation in the petition.

Answering further defendant specifically denies that the itemized statement of account for work and labor, as pleaded by plaintiff, is a true account, and that the items contained therein are proper items of an account. Defendant alleges that the plaintiff has received payment in full for any and all work and labor that plaintiff may have done and performed for decedent.

No reply was filed by plaintiff.

On the date set for trial, defendant filed a motion for judgment on the pleadings, which was sustained by the trial court and judgment was entered in favor of defendant.

Plaintiff appealed to this court on questions of law, and for his assignment of error claims that the court below erred in awarding judgment to the defendant on the pleadings, and that the court should have over-ruled the motion and allowed the case to be tried on its merits.

It is claimed by defendant that new matter was set up in the answer, to wit, payment in full of plaintiff's claim, and that, since no reply was filed denying such payment, the defendant was entitled to judgment on the pleadings, under Section 11601, General Code.

Section 11329, General Code, provides that every material allegation of new matter in an answer not controverted by the reply shall be taken as true. On this question we cite Bates' Pleading, Practice, Parties & Forms, 279, Section 317:

"Denying anticipatory allegations. Where the petition is compelled to anticipate defensive matter—the most common case being where an averment of non-payment is necessary—this does not dispense with an affirmative answer, and a general denial will not put such averment in issue. Where the petition gratuitously anticipates defensive matter—the most common case being an averment of due care or freedom from contributory negligence on the part of plaintiff —such matter need not be denied because not material to plaintiff's case. But a general denial does not deny such anticipatory matter, and, to make the defense, special pleading thereof is not dispensed with by such general denial. That such anticipatory matter in the petition being especially set up as a defense in the answer does not dispense with a reply thereon."

In *Fewster* v. *Goddard,* 25 Ohio St., 276, the syllabus reads in part as follows:

"1. In an action upon a promissory note, alleging that there is a specified amount due thereon, from the defendant to the plaintiff, an answer by the defendant, alleging payment of the note in full, is an answer setting up new matter, and must be taken as true in the absence of any reply thereto."

In *Lord* v. *Graveson,* 4 C. C. (N. S.), 268, 16 C. D., 371, the first paragraph of the syllabus is:

"1. While it is necessary to aver nonpayment of a debt in order to show a breach of the contract, proof of nonpayment not being required, proof of payment is not permissible unless specially pleaded."

And in the above case, on page 269, it is said:

"The argument is that the averment of a certain amount due upon an account, and that there are no credits thereon, includes the averment that the account is unpaid, and that, therefore, under a general denial, evidence of payment should be received.

"In the case of *Lent et al.,* v. *N. Y. & M. T. Company,* 130 N. Y., the syllabus contains this proposition:

" 'In an action upon an alleged indebtedness an allegation in the complaint of nonpayment is essential. This is not affected by the rule that payment must be pleaded as an affirmative defense, and can not be proved under the general issue, but the rule simply modifies the general rule of pleading so that the averment of payment is not put in issue by a general denial.'

"In the case of *Malone* v. *Ruffino* [129 Cal., 514], 62 Pacific, 93, the Supreme Court of California held:

" 'Where a plaintiff has proved the existence of the debt sued on the onus is on defendant to prove that it has been paid.' "

1 Ohio Jurisprudence, 190, Section 14, reads as follows:

"Necessity of Pleading Payment. Payment must be specially pleaded by the defendant. The plea of payment is not a denial of the plaintiff's claim but constitutes new matter to which a reply is necessary or it will be regarded as admitted."

There can be no question that since Ohio's departure from common-law pleading and adoption of its procedural code a plea of payment is an affirmative defense which is not triable under a general denial but must be specifically pleaded to be made available, and that, while it is necessary to aver nonpayment of the debt in order to show a breach of the contract, proof of the same is not required, and in order to prove payment it must be specially pleaded.

In conclusion and for the reasons herein stated, we are of the opinion that the court below did not commit error in awarding judgment to the defendant on the pleadings, and for that reason the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

Putnam and Montgomery, JJ., concur.