BLACKWELL, APPELLEE, *v.*
INTERNATIONAL UNION, UNITED AUTO
WORKERS LOCAL NO. 1250,
APPELLANT.

(No. 48238—Decided December 24,
1984.)

*Katherine H. Walsh, James L. Walsh* and *Thomas Dougan,* for appellee.

*David Roloff,* for appellant.

MARKUS, P.J. This is the second appeal of a case to establish pension rights for a union's employee. The trial court originally denied the employee's claim for those rights because the union made no such express agreement. Another panel of this court reversed, holding that the employee reasonably relied on union assurances of a pension during almost twenty-five years of employment. *Blackwell* v. *Internatl. Union, U.A.W.* (1983), 9 Ohio App. 3d 179. Since the employee had terminated his employment and later died while the appeal was pending, this court remanded for a determination of his widow's rights.

On remand, the trial court considered the transcript of the original trial, and over the widow's objection, accepted additional evidence. It then ordered the union to pay past accumulated pension benefits and to purchase an annuity for future benefits. The union now appeals, complaining that the court (1) denied a deduction for claimed earlier payments, and (2) required the purchase of an annuity instead of permitting future payments when they are due. Neither contention has merit, so we affirm.

I

The union's first assigned error asserts:

"I. The trial court erred in allowing plaintiff to receive severance and retirement benefits[,] therefore permitting a double recovery."

The union claims the court should have allowed it to deduct $11,782.88 from its obligation to the employee's widow. That sum represents alleged deposits in the employee's "severance fund" until the employee withdrew them with union approval three years before this suit, plus some smaller later payments. The union contests the trial court's finding that the "severance fund" represented the employee's undrawn wages attributable to cost of living adjustments.

On the first appeal, this court

ordered the union to provide the employee and his widow with benefits it had impliedly assured him. The collective bargaining agreement for the auto workers represented by the union defined those benefits. See *Blackwell, supra,* at 183. The union reasons that the employee and his widow cannot collect both severance money and pension benefits because auto workers are not entitled to both.

The union's claim is not the proper subject for a setoff because the union had no independent claim for its recovery. Cf. *Walter* v. *National City Bank* (1975), 42 Ohio St. 2d 524, 525 [71 O.O.2d 513]; *Kocsorak* v. *Cleveland Trust Co.* (1949), 151 Ohio St. 212, 221 [39 O.O. 36]; *Witham* v. *Southside Building & Loan Assn. of Lima* (1938), 133 Ohio St. 560 [11 O.O. 269]. Nor does the union's claim assert recoupment on the theory that the claimant otherwise violated his own duties in the same transaction. Cf. *Riley* v. *Montgomery* (1984), 11 Ohio St. 3d 75; *Cauffiel Machinery Co.* v. *Eastern Steel & Metal Co.* (1978), 59 Ohio App. 2d 1 [13 O.O.3d 41]; *Easy Living* v. *Whitehead* (1979), 65 Ohio App. 2d 206 [16 O.O.3d 155].

In the original trial and the first appeal, the union argued that the "severance fund" payments constituted full performance of any duties it assumed. See *Blackwell, supra,* at 180, fn.2. When this court rejected that contention, the union argued at the second trial that the "severance fund" constituted part payment of its obligation. However, if the union deposited any funds there beyond the employee's undrawn salary, it apparently did so voluntarily and not as consideration for any act or forbearance by the employee. Cf. *Nationwide Life Ins. Co.* v. *Myers* (1980), 67 Ohio App. 2d 98 [21 O.O.3d 414].

Additionally, the union failed to plead or prove the affirmative defense of partial payment. A defendant must plead the affirmative defense of pay-

ment in its answer, or by amendment under Civ. R. 15, or it waives that defense. Civ. R. 8(C); cf. *Mills* v. *Whitehouse Trucking Co.* (1974), 40 Ohio St. 2d 55 [69 O.O.2d 350]; *King* v. *Branch Motor Express Co.* (1980), 70 Ohio App. 2d 190 [24 O.O.3d 250]; *Benson* v. *Lamb* (1951), 89 Ohio App. 248 [45 O.O. 471].

The union did not assert payment as an affirmative defense in its answer. Nor did the union seek to amend its answer before or after this action was remanded to the trial court. Thus, the union has waived partial payment as a defense to the full damages awarded by the trial court.

The party who asserts payment as a defense bears the burden of proving payment by a preponderance of the evidence. Cf. *Weber* v. *Billman* (1956), 165 Ohio St. 431 [60 O.O. 86]; *In re Estate of Buckingham* (1967), 9 Ohio App. 2d 305 [38 O.O.2d 351]; *Walters* v. *Smith* (1929), 7 Ohio Law Abs. 499. Further, that party bears the burden of proving that a partial payment was intended to apply to the debt in question. Cf. *United States* v. *Glass Nursing & Convalescent Homes* (S.D. Ohio 1982), 550 F. Supp. 1149, 1153.

In this case, the union failed to prove that affirmative defense. At the first trial, the witnesses gave conflicting testimony about the source of the money deposited in the employee's severance fund. Some witnesses, including union officers, stated that all funds in that account were unpaid cost of living adjustments for the employee's wages. The employee claimed that the severance fund included those unpaid wages and his unused vacation pay. Other witnesses asserted that the union created the severance fund in lieu of a pension. However, the union did not attempt to establish in the first trial the exact amount of contributions which it made beyond the employee's unpaid wages. It failed to establish that the severance fund precluded any pension.

It also failed to establish the portion of the severance fund which could be partial payment by omitting that claim and that proof originally.

When this court considered the first appeal, it addressed the issues presented there and the evidence available to support the parties' respective contentions. If the union had any additional defense, it had a duty to raise it then and to demonstrate its validity from the evidence in that record. It did neither. Consequently, this court's ruling on the first appeal became the law of the case. Cf. *Nolan* v. *Nolan* (1984), 11 Ohio St. 3d 1, 3-4; *Gohman* v. *St. Bernard* (1924), 111 Ohio St. 726.

At that juncture the union was not free to offer new evidence to support its new theory. On this court's remand for limited purposes, the trial court was obliged to accept all issues previously adjudicated as finally settled. Cf. *State, ex rel. Stevenson,* v. *Murray* (1982), 69 Ohio St. 2d 112, 113 [23 O.O.3d 160]. This court did not remand for further consideration of any and all claims and defenses. Having failed to claim or prove any part payment prior to the remand, the union was precluded from doing so later. The trial court should have sustained the widow's objections and declined to hear new evidence on that subject.

Moreover, even that new evidence failed to satisfy the trial court that the union proved partial payment. The union officer who attempted to quantify the payments beyond wages admitted that he reconstructed his numbers from union meeting minutes without corroborating account records. He lacked personal knowledge about the payments actually made. We cannot say that the trial court's finding against the union is contrary to the manifest weight of the evidence.

## II

Defendant's second assigned error alleges:

"II. The court erred in compelling the defendant to purchase a separate retirement annuity rather than simply ordering plaintiff to pay retirement benefits on a monthly basis."

The union claims the trial court accelerated its future debts by requiring it to purchase an annuity rather than paying monthly benefits as they become due.

When the rights of parties are clearly defined and established by law, the courts usually apply the maxim "equity follows the law." Cf. *Assn. of Cuyahoga Cty. Teachers of Trainable Retarded* v. *Cuyahoga Cty. Bd. of Mental Retardation* (1983), 6 Ohio St. 3d 190, 192. However, where the rights of the parties are not so clearly delineated, the courts will apply broad equitable principles of fairness. Such considerations determine the outcome of those cases. *Id.* Thus, the trial court had broad discretion to fashion a remedy for the particular circumstances of this case. Cf. *Chapman* v. *Sheridan-Wyoming Coal Co.* (1950), 338 U.S. 621.

In the present case, the trial court required the union to purchase a retirement annuity "to ensure the continued pension benefits to plaintiff." Clearly, the court considered the reliability of future payments as a factor in fashioning the judgment. We cannot say that such a consideration is arbitrary, unreasonable, or capricious, in view of (a) the union's vigorous resistance to past payments, (b) the potential for changes in union leadership, and (c) uncertain prospects of the auto industry in Ohio and the resulting uncertainty about fiscal responsibility of local unions acting for Ohio auto workers.

On the first appeal, this court directed the union to supply pension protections equivalent to those enjoyed by its members employed by Ford Motor Company. Those auto workers have security that their pension fund will remain solvent and independent from their employer's control. Cf. Internal

Revenue Code (1984), Sections 401 and 412 (federal Employee Retirement Income Security Act standards for qualifying pension plans).

The union's two assigned errors are each overruled. Accordingly, the trial court's judgment is affirmed.

*Judgment affirmed.*

PRYATEL, P.J., and ANN McMANAMON, J., concur.