OPINION.
The plaintiff-appellant, Tom Sweeney, Inc., appeals from the trial court's order granting the motion of William W. and Sherri E. Porter for relief from judgment under Civ.R. 60(B). In granting the motion, the trial court vacated Sweeney's default judgment against the Porters in the sum of $8,000 with $1,600 interest. The issue upon appeal is whether the operative facts on which the trial court relied are sufficient to justify its granting of the Civ.R. 60(B) motion under an abuse-of-discretion standard.
In its first complaint against the Porters filed in the Hamilton County Municipal Court, Sweeney alleged that the fair market value of their 1992 BMW automobile, which the Porters had traded in on the purchase of a new Nissan Maxima, was $8,000 less than the $18,000 Sweeney paid. Sweeney claimed that the Porters had failed to disclose that the BMW had been damaged and was titled as a salvage vehicle. On January 7, 1997, a week before the scheduled trial date, Sweeney voluntarily dismissed its complaint under Civ.R. 41(A).
On January 6, 1998, the last day under the saving statute, Sweeney refiled its complaint against the Porters. The Porters were duly served by certified mail on February 12, 1998. After they failed to answer within twenty-eight days, on March 20, 1998, Sweeney moved for default judgment. The trial court entered a default judgment against the Porters on March 24, 1998. The very next day, counsel for the Porters filed their Civ.R. 60(B) motion in which they claimed that they did not timely answer or otherwise defend because they were without funds to do so. On April 10, 1998, the trial court granted the Porters' motion and vacated Sweeney's default judgment. The trial court also accepted the answer tendered by the Porters with their Civ.R. 60(B) motion, which they filed by leave.
Civ.R. 60(B) is a remedial rule to be liberally construed with a view toward achieving a just result. The burden is on the movant to demonstrate that the interest of finality should yield to the interests of justice that militate in favor of vacating the default judgment. See Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 21, 520 N.E.2d 564, 567; Colley v. Bazell (1980),64 Ohio St.2d 243, 248, 416 N.E.2d 605, 609. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." GTE AutomaticElec. v. ARC Industries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. The burden is on the movant to submit operative facts that will allow the trial court to make a factual determination as to each of the three GTE criteria and as to why the motion should be granted. See Rose Chevrolet, Inc. v.Adams, supra at 20-21, 520 N.E.2d at 567.
In their reply memorandum, the Porters represented to the trial court that they had a meritorious defense and were entitled to relief either due to excusable neglect under Civ.R. 60(B)(1) or under the "any other reason" clause of Civ.R. 60(B)(5). Sweeney agreed that the motion was timely filed, but contended that the Porters did not sustain their burden of demonstrating that they had a meritorious defense or the grounds for invoking Civ.R. 60(B).
The trial court did not make findings, but simply journalized an entry granting without explanation the Porters' Civ.R. 60(B) motion. The record contains no affidavits or transcript of the evidentiary hearing before the trial court (if there was one). The only operative facts before the trial court were statements of counsel in Sweeney's complaint, in the Porters' motion and tendered answer affixed to their motion, in Sweeney's memorandum in opposition to the motion, and in the Porters' reply memorandum. In Rose Chevrolet, however, Justice Douglas observed that "neither Civ.R. 60(B) itself nor any decision from this court has required the movant to submit evidence, in the form of affidavits or otherwise, in support of the motion, although such evidence is certainly advisable in most cases." Id. at 20-21,520 N.E.2d at 567. Therefore, the absence of affidavits is not necessarily dispositive of the issue of whether the trial court abused its discretion in granting the Civ.R. 60(B) motion.
In deciding if the operative facts were sufficient to demonstrate a meritorious defense, the trial court had before it the Porters' proposed answer that designates four affirmative defenses. Their fourth affirmative defense alleges payment, which is an affirmative defense under Civ.R. 8(C). See Blackwell v.Internatl. Union (1984), 21 Ohio App.3d 110, 487 N.E.2d 334. If this allegation can be proved, the Porters would have a meritorious defense to Sweeney's claim. "Under Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense." Rose Chevrolet, Inc.v. Adams, supra at 20, 520 N.E.2d at 566.
Upon reviewing the Porters' specific grounds advanced for relief, we conclude that the operative facts do not satisfy Civ.R. 60(B)(1) pertaining to judgments entered by "mistake, inadvertence, surprise, or excusable neglect." The Porters' excuse that, upon being served with Sweeney's second complaint, they did not have the funds to employ counsel and that Sweeney is "a large corporation with deep pockets," falls far short of excusable neglect or any other ground in Civ.R. 60(B)(1). Neglect of a party to seek legal assistance after being served with a complaint is not excusable. See Associated Estates Corp. v.Fellows (1983), 11 Ohio App.3d 112, 116, 463 N.E.2d 417, 421.
Having failed to demonstrate a ground under Civ.R. 60(B)(1), however, the Porters could still offer operative facts different or in addition to those contemplated by Civ.R. 60(B)(1) to demonstrate that they were entitled to be relieved of Sweeney's default judgment pursuant to Civ.R. 60(B)(5). See Cerney v.Norfolk W. Ry. Co. (1995), 104 Ohio App.3d 482, 493,662 N.E.2d 827, 833. "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64,448 N.E.2d 1365, paragraph one of the syllabus. "The grounds for invoking Civ.R. 60(B)(5) should be substantial." Id., paragraph two of the syllabus.
In addition to the uncontested facts, the Porters represented to the trial court in their motion and reply that they had hired counsel to contest the original complaint. During discovery, both parties learned for the first time that the BMW automobile was part of a "title laundry scheme." A week before trial, Sweeney voluntarily dismissed the complaint. When served with the second complaint, which Sweeney refiled a year later, the Porters alleged that their counsel "contacted Plaintiff[']s counsel and request[ed] additional time to answer due to the fact that the Defendants were having financial difficulty and needed time to obtain money for legal fees. * * * Counsel for the Defendants requested till [sic] March 23, 1998 [,] to file there [sic] answer." Presumably, Sweeney refused and moved for a default judgment eight days after the date to answer or otherwise plead.
"An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable." State ex rel. Russo v. Deters
(1997), 80 Ohio St.3d 152, 153, 684 N.E.2d 1237, 1238. "`The term discretion itself involves the idea of choice, of an exercise of will, of a determination made between competing considerations.'"State v. Jenkins (1984), 15 Ohio St.3d 164, 222, 473 N.E.2d 264,313, quoting Spalding v. Spalding (1959), 355 Mich. 382, 384-385,94 N.W.2d 810, 811-812. "In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254,256, 662 N.E.2d 1, 3.
Our review for abuse of discretion assumes that the trial court found that the Porters had met their burden under Civ.R. 60(B)(5) and accepts the following facts as outcome-determinative. The same trial judge was assigned to both of Sweeney's complaints. The Porters vigorously defended against Sweeney's first complaint until Sweeney voluntarily dismissed its action under Civ.R.41(A). When Sweeney refiled its complaint one year later, their counsel requested Sweeney's counsel to agree to enlarge the time to answer the complaint, but they failed to seek an enlargement of time in the trial court. The day after the trial court entered the default judgment, the Porters filed their motion for relief from judgment under Civ.R. 60(B).
In assessing those operative facts to determine if the trial court abused its discretion, we must also be mindful of the Ohio Supreme Court's admonition that "[w]here timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits."GTE Automatic Elec. v. ARC Industries, supra, paragraph three of the syllabus.
On review, we cannot conclude that the trial court, in choosing to exercise its inherent power to relieve the Porters of what it apparently deemed to be an unjust operation of a default judgment, overstepped the extremely high threshold of an abuse-of-discretion standard.
Accordingly, Sweeney's single assignment of error is overruled and the judgment of the Hamilton County Municipal Court is affirmed.
Judgment affirmed.
 Hildebrandt, P.J. and Sundermann, J., concur.