OPINION
Appellant Custom Design Technologies, Inc. ("CDT") appeals the decision of the Court of Common Pleas, Stark County, which denied appellant's claim for the sum of $91,360.22 in CDT's suit upon a written contract with Appellee Galt Alloys, Inc. ("Galt"). The relevant facts leading to this appeal are as follows.
Appellant CDT is engaged in the business of metal product fabrication. In 1998, Galt, a metal alloys producer, began seeking an entity to build a heavy steel platform. On June 10, 1998, CDT submitted a bid to Galt for producing the item as follows, in pertinent part:
 "Platform assembly per prints ... labor and material .............. $329,768.00."[1] However, Galt did not accept this initial bid.
Upon finding out its bid had not been accepted, CDT set up and held a meeting with Galt to further discuss the platform project. On July 2, 1998, CDT issued a second bid to Galt, indicating in pertinent part:
 "Platform assembly per prints ... labor ............. $238,315.00 * * * CDT to locate material; Galt to purchase material." Upon Galt's rejection of the aforesaid second bid, CDT submitted a third bid four days later, reading as follows:
 (1) PLATFORM ASSEMBLY PER PRINTS ....... $238,315.00 C.D.T. TO PROVIDE LABOR; NO SANDBLAST — BUFF ONLY; COMMERCIAL PRIMER/PAINT: NO WELD TOP SIDE OF PLATES — STITCH ON BOTTOM C.D.T. TO LOCATE MATERIAL; GALT TO PURCHASE MATERIAL
 DELIVERY: WILL BEGIN AUGUST 10, 1998 F.O.B.: C.D.T. FACILITY CANTON, OHIO TERMS: PAYMENT (30) DAYS NET UPON INVOICING QUOTE: VALID FOR (30) DAYS
This July 6, 1998 bid was accepted by Galt with a purchase order dated July 10, 1998. Galt thereafter made two payments on the contract for $73,877.76 and $73,077.02, respectively, for a total of $146.954.78. Galt took the position that the balance of the contract figure of $238,315.00, which amounted to $91,360.22, would not be paid because Galt was owed a credit of the latter sum for materials it had purchased for the platform fabrication.
Nearly a year later, CDT, led by a new company president, reviewed the matter and set up negotiations between the two parties. After these negotiations broke down, CDT filed an action against Galt on November 3, 2000. A bench trial was held on March 23, 2001. On April 16, 2001, the trial court issued its judgment entry, finding the contract terms ambiguous, and concluding that the contract price was meant to include both labor and material. The court therefore held that Galt had paid in full after accounting for materials it had supplied, and thus owed nothing further to CDT.
CDT timely appealed and herein raises the following five Assignments of Error:
 I. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FOUND THE CONTRACT OF THE PARTIES TO BE AMBIGUOUS.
 II. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FOUND FULL PAYMENT HAD BEEN MADE BY GALT ALLOYS[,] INC.
 III. THE AFFIRMATIVE DEFENSE OF ACCORD AND SATISFACTION SET FORTH IN THE ANSWER WAS NOT PURSUED BY DEFENDANT, GALT ALLOYS[,] INC., ON TRIAL OF THIS ACTION AND THUS THE TRIAL COURT FINDING OF FULL PAYMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 IV. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT REFORMED THE CONTRACT OF THE PARTIES TO REQUIRE CUSTOM-DESIGNED TECHNOLOGIES TO PROVIDE LABOR FOR CONSTRUCTION OF THE PLATFORM AND TO PERMIT DEFENDANT TO SET-OFF COST OF MATERIALS AGAINST THE LABOR ONLY CONTRACT.
 V. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO GIVE THE CONTRACT WORDS USED BY THE PARTIES THEIR NATURAL AND COMMONLY ACCEPTED MEANING.
 I and V
In its First Assignment of Error, CDT challenges the trial court's conclusion that the contract was ambiguous. In a related vein, CDT argues in its Fifth Assignment of Error that the court erred by failing to give the "labor" wording in the contract its natural and commonly-accepted meaning. We will address these arguments together.
The question of whether a contract is ambiguous is a question of law to which this court applies a de novo standard of review. Ohio HistoricalSociety v. General Maintenance Engineering Co.(1989), 65 Ohio App.3d 139;Seringetti Constr. Co. v. Cincinnati (1988), 51 Ohio App.3d 1. The purpose of contract construction is to effectuate the intent of the parties. Skivolocki v. East Ohio Gas Co. (1974), 38 Ohio St.2d 244, paragraph one of the syllabus. It is well established in Ohio law that a court must give meaning to all provisions of a contract if possible.German Fire Ins. Co. v. Roost (1897), 55 Ohio St. 581. A court need not go beyond the plain language of the agreement to determine the parties' rights and obligations if a contract is clear and unambiguous. Blosserv. Enderlin (1925), 113 Ohio St. 121, paragraph two of the syllabus. Additionally, "common words appearing in a written instrument are to be given their plain and ordinary meaning unless manifest absurdity results or unless some other meaning is clearly intended from the face or overall contents of the instrument." Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, 245-246.
In the case sub judice, the trial court found that "[t]he contract is simply a quote with a few sketchy terms outlined within it. It contains many gaps, and can be read to provide for different meanings." Judgment Entry at 3. A contract is ambiguous if it is susceptible to more than one reasonable interpretation. Hillsboro v. Fraternal Order of Police, OhioLabor Council, Inc. (1990), 52 Ohio St.3d 174, 177, 556 N.E.2d 1186; 2001 WL 823650, Williams v. Williams, (July 12, 2001), Cuyahoga App. No. 78193, unreported. CDT incorrectly implies that the word "materials" is simply absent from the contract (Appellant's Brief at 5); however, it is indeed present, albeit on a different line of text, and we do not read the purchase order unambiguously for "labor only" as urged by CDT. As Galt points out, evidence was provided to show that bids for combined labor and materials were also received from other entities, Burghardt Metals and Dover Tank and Plate Co., for $243,300 and $235,800, respectively. Tr. at 188-189. Upon review of the record herein, we reach the same result as the trial court on the issue of contractual ambiguity.
CDT's First and Fifth Assignments of Error are overruled.
 II
In its Second Assignment of Error, CDT argues that the trial court erred in finding full payment had been made by Galt. We disagree.
"The party who asserts payment as a defense bears the burden of proving payment by a preponderance of the evidence." Blackwell v. Internatl.Union, U.A.W. (1984), 21 Ohio App.3d 110, 111. We concluded in regard to CDT's First and Fifth Assignments of Error that the contractual terms herein were ambiguous; thus, it was incumbent upon the trial court to determine the obligations of the respective parties. In regard to Galt, the trial court had before it Defendant's Exhibit 3, a summary of the items purchased by Galt for the platform. This included several purchases of steel, items from Ziegler Nut and Bolt, and several thousand dollars worth of Harrison Paint. The total of the these purchases was $91,360.22. Galt further presented evidence of its two payments of $73,877.76 and $73,077.02, for a total of $146.954.78. Tr. at 20, 25-29, 82, 86, 153. As hereinbefore recited, the grand total of these figures is $238,315.00, the price stated in the platform contract.
We find the trial court did not err in finding Galt made full payment on the contract. CDT's Second Assignment of Error is overruled.
 III and IV
In its Third and Fourth Assignments of Error, CDT argues that the trial court erred in its application of the defenses of set-off and accord and satisfaction. We disagree.
In Witham v. South Side Building Loan Assn. (1938), 133 Ohio St. 560,562, the Ohio Supreme Court defined the right to set off as "that right which exists between two parties, each of whom under an independent contract owes a definite amount to the other, to set off their respective debts by way of mutual deduction." The Supreme Court has also declared: "An accord is a contract between a debtor and a creditor in which the creditor's claim is settled in exchange for a sum of money other than that which is allegedly due. Satisfaction is the performance of that contract." Allen v. R.G. Indus. Supply (1993), 66 Ohio St.3d 229, 231.
CDT's arguments in this regard are without merit, as the aforesaid defenses had no legal bearing on the outcome of the case sub judice. The dispute at issue arose from only one contract, which the trial court interpreted based on the evidence presented, including previous bids between these parties as well as others in this type of industry. Based on the evidence, the trial court simply concluded that Galt's checks for $146.954.78 constituted payment in full after accounting for the costs of materials.
CDT's Third and Fourth Assignments of Error are overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs are assessed to appellant.
Hon. W. Scott Gwin, P. J. Hon. William B. Hoffman, J. Hon. John W. Wise, J. concur.
[1] Ellipses as per original.