OPINION
{¶ 1} Appellant Mercedes Jones, a minor child, appeals the decision of the Guernsey County Court of Common Pleas, Juvenile Division, that granted permanent custody of her to Appellee Guernsey County Children Services Board. ("GCCSB").
 {¶ 2} The following facts give rise to this appeal.
 {¶ 3} In April 2003, GCCSB filed a complaint alleging the three minor children of Tammy Jones and Brian Jones were dependent, neglected and/or abused. On April 17, 2003, the trial court awarded temporary custody of the children to GCCSB. The trial court found the children to be both dependent and abused on June 26, 2003. Thereafter, on December 1, 2004, the trial court granted temporary custody of the three children to appellant and the trial court terminated GCCSB's temporary custody.
 {¶ 4} On March 22, 2005, GCCSB moved to terminate protective supervision and return temporary custody to GCCSB. At the conclusion of a hearing conducted by the trial court on March 30, 2005, the court found an emergency existed and removed the children from mother's custody. On June 7, 2005, the trial court granted temporary custody to GCCSB. GCCSB moved for permanent custody of the children on July 28, 2005. The trial court conducted hearings on GCCSB's request for permanent custody *Page 3 
on January 12, 2006 and January 20, 2006. On January 31, 2006, the trial court denied the motion for permanent custody as to the oldest child, appellant, but granted the motion as to Opel and Alexis.
 {¶ 5} On February 27, 2006, Mother filed a notice of appeal, and on March 3, 2006, father's attorney filed a notice of appeal. On March 15, 2006, the GCCSB filed a notice of cross appeal.
 {¶ 6} On June 29, 2006, this Court reversed the lower court's order granting the mother, custody of appellant Mercedes, stating that the trial court's denial of the motion for permanent custody was "against the manifest weight of the evidence and is not supported by clear and convincing evidence." Based on these findings, the Fifth District Court of Appeals remanded the case for "further proceedings consistent with this opinion." See, In re Jones, 5th Dist. No. 06 CA 9,2006-Ohio-3363.
 {¶ 7} Mother through her counsel filed a motion in the trial court for an oral hearing on July 18, 2006. Counsel for Mercedes Jones also filed a motion for an oral hearing on August 15, 2006. On August 23, 2006, the Guernsey County Juvenile Court issued an entry stating that the Court "did not need to receive additional evidence unless the reversing error would require additional evidence. The Court of Appeals reversed not only upon the ground that the Court's decision was not supported by clear and convincing evidence but also that the decision was against the manifest weight of the evidence." (Journal Entry, filed August 28, 2006). Based on this finding, the Juvenile Court found that the permanent custody motion of the Guernsey County Children Services Board should be granted, thereby divesting the mother of her parental rights *Page 4 
and obligations, and that this granting of permanent custody was in the best interest of the minor child. (Id.).
 {¶ 8} Counsel for the mother filed a Motion for Stay Pending Appeal which was granted on September 8, 2006.
 {¶ 9} On September 6, 2006, mother filed her Notice of Appeal. Appellant filed her notice of appeal on September 14, 2006. This Court remanded the case to the trial court on December 21, 2006, holding that the father's rights had not been resolved. We dismissed the appeal and remanded the case for "further proceedings pertaining to the father's parental rights." On December 27, 2006, the Guernsey County Juvenile Court divested the father of all parental rights. Appellant filed a Motion in the Guernsey County Juvenile Court requesting that the Court rescind its Entry of December 27, 2006, and hold an oral hearing on the matter. That Motion was denied on January 22, 2007. It is from this denial that the appellant-child now appeals, raising the following assignment of error:
 {¶ 10} "I. THE GUERNSEY COUNTY JUVENILE COURT DENIED MERCEDES JONES HER PROCEDURAL AND SUBSTANTIVE DUE PROCESS BY REFUSING TO GRANT APPELLANT'S MOTION FOR ORAL HEARING TO ALLOW APPELLANT TO PRESENT CLEAR AND CONVINCING EVIDENCE, THROUGH SCHOOL RECORDS AND PSYCHIATRIC TREATMENT RECORDS, THAT MERCEDES JONES IS NOT IN DANGER, IS PROGRESSING SCHOLASTICALLY AND EMOTIONALLY, AND THAT MERCEDES' MOTHER IS PROVIDING A STABLE AND SAFE ENVIRONMENT FOR MERCEDES." *Page 5 
 {¶ 11} In her sole assignment of error appellant contends that the trial court should have conducted a hearing after this Court reversed and remanded the case to allow appellant to present evidence relative to her situation between the time the appeal was filed and the time this Court reversed and remanded her case. We disagree.
 {¶ 12} "The doctrine of the law of the case mandates that lower courts must apply the law as determined by appellate courts on legal questions involved for all subsequent proceedings at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1, 462 N.E.2d 410. The doctrine of the law of the case is applicable herein to the extent the trial court must grant permanent custody of the minor child to the GCCSB.
 {¶ 13} When an appellate court remands a case for a limited purpose, "the trial court [is] obliged to accept all issues previously adjudicated as finally settled." Blackwell v. Internatl. Union,U.A.W. (1984), 21 Ohio App.3d 110, 112, 487 N.E.2d 334. See, also,Flynn v. Flynn, Franklin App. No. 03AP612, 2004-Ohio-3881, at ¶ 16 ("[a] remand for `further proceedings' should not be interpreted as a remand for `further hearings' where no further hearings would have been required from the point of error forward"); Orrville Products, Inc. v.MPI, Inc. (June 9, 1994), Cuyahoga App. No. 65184 ("[o]n remand, a trial court must obey the mandate of the court of appeals[,] * * * [t]he order of remand restores the trial court with jurisdiction to carry out the directive of the court of appeals"). Cugini and Capoccia Builders, Inc.v. Ciminello's, Inc. 10th Dist No. 06AP-210,2006-Ohio-5787 at ¶ 32.
 {¶ 14} In In re Lynch (Aug. 21, 1985), 9th Dist. No. 11995, the Court considered an appeal from an order terminating parental rights brought on behalf of a parent. The *Page 6 
father, in that case, sought a new trial based upon facts occurring after the permanent custody hearing. The Court denied the appeal, stating that "post hearing acts cannot be used as `newly discovered evidence" `and, furthermore, that they were not relevant to the question then before the court, i.e. whether the father had theretofore met the requirements of the reunification plan". Id. at 4. See, also,Bachtel v. Bachtel, 7th Dist. No. 03 MA 75, 2004-Ohio-2807, at ¶ 46 (new conditions cannot change the result of a past trial and are not material to the issues at trial); Zimmerman v. Zimmerman (June 18, 1990), 12thDist. No. CA89-08-069 (events occurring after trial are not relevant to the question before the court). See also In re S.S., A.S. and J.S., 9th Dist. No. 04CA0032, 2004-Ohio-5371 at ¶ 13; 15. [Permanent custody].
 {¶ 15} We conclude that evidence of events occurring after the hearing on the motion for permanent custody is not proper "newly discovered evidence" because those facts were not in existence at the time of trial. Moreover, those events had no relevance to the question of whether parental rights should have been terminated as of the time of the first trial. Accordingly, we conclude that the trial court did not err in overruling the motion for a post-remand hearing. Nor did the trial court err in granting the motion for permanent custody of the minor child in accordance with this Court's order on remand.
 {¶ 16} Appellant's sole assignment of error is overruled. *Page 7 
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is hereby affirmed.
 By Gwin, P.J., and Wise, J., concur; Hoffman, J., dissents *Page 8