[Cite as *James B. Nutter & Co. v. Estate of Neifer*, 2016-Ohio-7641.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### HANCOCK COUNTY

JAMES B. NUTTER AND COMPANY,

    PLAINTIFF-APPELLEE,

  v.

THE ESTATE OF WILLIAM
NEIFER, ET AL.,

    DEFENDANTS-APPELLEES,

  -and-

LAGINA M. PETERSON, ET AL.,

    DEFENDANTS-APPELLANTS.

CASE NO. 5-16-20

**O P I N I O N**

Appeal from Hancock County Common Pleas Court

Trial Court No. 2015 F 00451

**Judgment Affirmed**

Date of Decision:  November 7, 2016

APPEARANCES:

    *Albert L. Potter, II* for Appellants

    *Ashley E. Mueller* for Appellee James B. Nutter and Company

**WILLAMOWKSI, J**.

**{¶1}** Defendants-appellants Lagina M. Peterson and Ricky D. Peterson appeal the decision of the Court of Common Pleas of Hancock County to grant the plaintiff-appellee's motion for summary judgment. For the reasons set forth below, the judgment of the lower court is affirmed.

**{¶2}** On November 9, 2012, William Neifer ("Neifer") signed a promissory note and borrowed $121,107.00 from James B. Nutter and Company ("Nutter and Company"). Doc. 1. To secure this loan, Neifer executed a mortgage on real estate located in Findlay, Ohio. *Id.* The mortgage was then properly recorded on December 2012, in Hancock County. *Id.* Neifer made monthly payments on this loan until his death on May 29, 2015, at which point the payments ceased. Doc. 52. An interest in this property transferred on his death to Lagina M. Peterson. Doc. 13. After the payments stopped, Nutter and Company sent a notice of default to Neifer's estate on August 4, 2015. *Id.* This notice gave the estate sixty days to cure the default or seek some form of loan modification. *Id.*

**{¶3}** When no action was taken by the estate, Nutter and Company issued a complaint in foreclosure on October 30, 2015, and sent notices to all interested parties. Doc. 15. Lagina M. Peterson and her husband, Ricky D. Peterson, ("the Petersons") filed separate but identical answers to Nutter and Company's complaint on November 30, 2015. Doc. 36. In their answer, the Petersons denied all of the

facts alleged therein.[1]  Doc. 36.  Nutter and Company then filed a motion for summary judgment on March 11, 2016.  Doc. 52.  The Petersons objected to this motion on the grounds that neither of the Petersons executed the note. Doc. 66.

{¶4} The trial court granted Nutter and Company's motion for summary judgment, finding that plaintiffs served all necessary parties with notice of this action and that this case did not present a genuine issue of material fact.  Doc. 70. On appeal, the Petersons raise one assignment of error.

> **The trial court erred when it granted plantiff's motion for summary judgment against defendants Lagina M. Peterson and Ricky D. Peterson.**

Specifically, the Petersons assert that Nutter and Company did not meet their "'initial burden' of informing the trial court that Appellants were liable on the Promissory Note or Open End Mortgage executed by William Neifer."  Appellants' Brief 6.  Their brief admits, however, that Neifer did execute the note and mortgage. *Id*. 5.

{¶5} After a trial court has granted a motion for summary judgment, appellate courts assess this decision under a de novo standard of review.  *Esber Beverage Co. v. Labatt USA Operating Co., L.L.C.*, 138 Ohio St.3d 71, 2013-Ohio-4544, 3 N.E.3d 1173, ¶ 9, citing *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95

---

[1] Interestingly, one of the allegations that the Petersons denied stated that the Petersons "have or claim to have an interest" in the mortgaged real estate at issue.  Doc. 1.

Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707. Under Ohio Rule of Civil Procedure 56,

> **Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. . . A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.**

Civ.R. 56(C). The moving party "has the initial burden 'to inform the trial court of the basis for the motion, identifying the portions of the record, including the pleadings and discovery, which demonstrate the absence of a genuine issue of material fact.'" *Middleton v. Holbrook*, 2016-Ohio-3387, ¶ 8 (3d Dist.), quoting *Reinbolt v. Gloor*, 146 Ohio App.3d 661, 664, 767 N.E.2d 1197 (3d Dist.2001).

{¶6} If the moving party meets their burden, the nonmoving party then assumes the responsibility of demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), quoting *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264, 273 (1996). To overcome summary judgment, the nonmoving party

> **may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond,**

> **summary judgment, if appropriate, shall be entered against the party.**

Civ.R. 56(E). See *Miller v. Potash Corp. of Saskatchewan, Inc.*, 3d Dist. Allen No. 1-09-58, 2010-Ohio-4291, ¶ 13-14.

{¶7} When transferring mortgaged real estate, the transferee can assume the mortgage or take the property subject to the mortgage. If a transferee assumes the mortgage, he or she accepts liability for the debt obligation of the original debtor. *Kocsorak v. Cleveland Trust Co.*, 151 Ohio St. 212, 219, 85 N.E.2d 96 (1949), quoting *Walser v. Farmers' Trust Co. of Indianapolis, Ind.*, 126 Ohio St. 367, 185 N.E. 535 (1933), paragraph five of the syllabus. In the event of a default, the mortgagee can foreclose on the mortgaged property and can pursue a personal judgment against the transferee. *Walser* at 376.

{¶8} However, if the property is taken subject to the mortgage, the original debtor alone remains personally liable for the original debt obligation. *In Matter of Estate of Patten*, 3d Dist. Allen No. 1-80-34, 1981 WL 6764, 4 (Jan. 16, 1981). Since the transferee does not assume the mortgage obligation, the transferee "does not become personally liable for the original debt," though the mortgaged property still remains subject to the lien. *Id*. The mortgagee can, therefore, foreclose on the mortgaged property if the original debtor defaults on the underlying obligation, but the mortgagee cannot enforce the debt obligation on the transferee personally. *Id*.

{¶9} The death of the original debtor does not extinguish a mortgage lien on real property. When real estate is transferred on death, the transferee takes the real estate as would a devisee or heir: subject to any existing mortgage liens on that property. See R.C. 2113.52. The elements a foreclosing plaintiff must show are that

> **(1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due.**

*Hancock Fed. Credit Union v. Coppus*, 2015-Ohio-5312, 54 N.E.3d 806, ¶ 17, quoting *HSBC Mtge. Servs., Inc. v. Watson*, 3d Dist. Paulding No. 11-14-03, 2015-Ohio-221, ¶ 24.

{¶10} In the present case, the Petersons did not execute either the promissory note or the mortgage. Doc. 1. Their interest in the property passed to them on Neifer's death subject to the mortgage lien on the property. Doc. 13. The record does not present any evidence that the Petersons assumed the mortgage. Thus, only Neifer is personally liable under the promissory note, and the Petersons are not bound by contractual obligations that they did not assume. The Petersons received, by virtue of Neifer's death, what Neifer had: a piece of real estate encumbered by a mortgage lien. Thus, Nutter and Company retained a conditional interest in this property through the mortgage even as the real estate passed to the Petersons. *First Merit Bank, N.A. v. Inks*, 138 Ohio St.3d 384, 2014-Ohio-789, 7 N.E.3d 1150, ¶ 23.

**{¶11}** Upon Neifer's default, Nutter and Company was entitled to initiate a foreclosure action based upon this property interest. *Deutsch Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, ___N.E.3d___, ¶ 24. While Nutter and Company filed a complaint in foreclosure to enforce their property interest in the mortgaged real estate, they did not file an action in contract to enforce the promissory note against the Petersons personally. Doc. 1. See *Id.* at ¶ 25 (holding these two types of actions as distinct since foreclosure seeks an equitable remedy to enforce a property interest whereas a suit on the promissory note seeks a remedy at law to enforce a contractual obligation).

**{¶12}** Subsequently, Nutter and Company filed a motion for summary judgment that was supported by an affidavit incorporating several key documents. Doc. 52. The affidavit and attached copies of the promissory note and mortgage agreement establish that Nutter and Company is entitled to enforce the mortgage and is the original mortgagee. *Id.* The attached payment record shows that the original mortgagor, Neifer, is in default. The attached copy of a notice sent to Neifer's estate demonstrates that Nutter and Company complied with the mortgage agreement in notifying the mortgagor of default and in accelerating the unpaid balance on the loan. *Id.* Finally, the affidavit states the amount due, which is $115, 347.84 with accrued annual interest of 3.5% from the date of May 1, 2015. *Id.* By clearly establishing the five elements of foreclosure, Nutter and Company has met their initial burden of demonstrating the absence of a genuine issue of material fact.

{¶13} Consequently, the Petersons must meet the reciprocal burden of showing a material fact exists for trial if they are to defeat summary judgment. Civ.R. 56(E). In their response, the Petersons do not contest the validity of any of the documents submitted by Nutter and Company. Further, the Petersons do not dispute any of the other material facts presented in the motion for summary judgment and readily concede on appeal that Neifer executed the note and mortgage. Doc. 58, 60. Their only challenge to summary judgment is pointing to the fact that neither of the Petersons are liable on the promissory note signed by Neifer. *Id.*

{¶14} The Petersons' assertion does not show that a genuine issue of material fact is in dispute for three reasons. First, this fact—that the Petersons are not liable on the note—is not disputed; Nutter and Company never claimed that the Petersons were liable on the note and expressly stated that they are not seeking a personal judgment against the Petersons. Doc. 62. Second, this fact has no relevance to a genuine issue for trial as Nutter and Company does not have to establish that the Petersons signed the note in this foreclosure suit. The Petersons' assertion is a defense for a cause of action which was never pled. Third, since this fact is not related to a genuine issue for trial, it is also not material. "'[M]aterial facts' are those 'that might affect the outcome of the suit.'" *Chase Home Fin., L.L.C. v. Heft*, 3d Dist. Logan Nos. 8-10-14, 8-11-16, 2012-Ohio-876, ¶ 24, quoting *Turner v. Turner*, 67 Ohio St.3d 337, 340, 617 N.E.2d 1123 (1993). Whether the Petersons signed the note has no effect on the outcome of this suit as Nutter and Company needs to prove

that Neifer—not the Petersons—executed the note and mortgage. Thus, this argument cannot carry the reciprocal burden imposed on the nonmoving party by Civil Rule 56(E).

{¶15} In short, the Petersons admitted the material facts that Nutter and Company must establish for this cause of action while faulting the appellees for not proving the elements of a cause of action which was not pled. *Id.* There is no monetary judgment against either Lagina M. Peterson or against Ricky D. Peterson in this case, nor was any such monetary judgment against either of them ever sought by Nutter and Company. Thus, when viewing the evidence in the light most favorable to the Petersons, reasonable minds can come to only one conclusion: Nutter and Company is entitled to judgment as a matter of law. *Miller* at ¶ 14. The decision of the trial court is affirmed.

***Judgment Affirmed***

**SHAW, P.J. and PRESTON, J., concur.**

**/hls**