Seymour et al., Appellees, *v.* Primrose, Appellant.

(No. 7327—Decided August 20, 1963.)

*Miss Mary E. Prentice*, for appellees.
*Mr. John C. Wheatley*, for appellant.

Troop, J.  Gilbert L. and Lucille G. Seymour, plaintiffs in the trial court, sought to recover the sum of $336.25, and interest, from Paul J. Primrose, defendant, the claim arising out of a contract for the sale of real estate, under date of February 26, 1961, the contract being identified as plaintiffs' exhibit A.  The trial court entered judgment in favor of the plaintiffs as prayed for and it is from that judgment that this appeal is taken.

Two provisions in the contract give rise to the controversy. The execution of the contract, as it appears in evidence, is established by agreement of the parties in the pleadings. Provisions covering the payment and assumption of taxes and assessments are the center of interest. As they appear in the contract, they read as follows:

"Taxes: Grantor to pay all taxes to and including the December 1960 collection. Grantee to assume all falling due and payable after said collection.

"Street and special assessment now levied or passed by government ordinance: Grantor to pay all existing assessments. Grantee to assume all falling due and payable after said collection."

The provision concerning special assessments follows that covering taxes and apparently they relate. Taken together they indicate that the December 1960 collection is a dividing line. Taxes and assessments falling due after the December 1960 collection are assumed by the buyer, plaintiffs in the trial court.

Plaintiffs' exhibit A is the only evidence contained in the record that provides a semblance of help to a court. The trial court's condensed entry of judgment as entered on the half-sheet suggests nothing as to the supporting facts found by the court resulting in the judgment. To say there was confusion as to the special assessments is to speak mildly. The abstracter did not show them as existing when he prepared his certificate. The parties disclaim any knowledge whatever of them. Only the county auditor's representative presented a fact, and that only that the assessments were certified to his office on January 23, 1961.

At best, facts as revealed by the record are meager and inconclusive. They must, however, be considered in the light of the pleadings and related to the allegations made. Risking the possibility of oversimplification, the basics in the pleadings boil down to demand for $336.25 in the petition, an answer claiming a settlement of the amount claimed for the sum of $99.67 and a reply to the answer which ignores the claimed settlement, or payment, set out in the answer.

True, there are other allegations in the petition. The contract is asserted. It is claimed that disputed assessments were

of record November 7, 1960, and on official county records February 23, 1961, and that the plaintiffs, the Seymours, were billed for them and that they demanded of the defendant, Primrose, an accounting and payment which he refused. Significantly, nowhere in the testimony of Mr. Fugate or Mr. Beeson is there a single bit of evidence as to the amount of the assessments, in total or as to amount due as of the December 1960 collection. The Seymours' testimony is completely silent as to an amount, in dollars and cents, that they paid or for which they were billed. A completely isolated and unsupported bare figure in the prayer of the petition is the only possible basis of the judgment entered by the trial court.

Defendant's answer contains an allegation of "settlement" or payment of his obligation under the contract, an affirmative defense calling for a reply. A reply was filed which in no manner controverts the defense set out in defendant's answer. 42 Ohio Jurisprudence (2d), 336, Section 70, suggests the applicable rule. It reads as follows:

"* * * under the Code a reply is necessary whenever the answer sets up new matter, and since payment is new matter, a reply is necessary to an answer alleging payment in full; otherwise the answer, so far as it alleges payment in full as a defense, must be taken as true in the absence of any reply thereto. * * *."

See, also, *Benson* v. *Lamb, Admr.* (1951), 89 Ohio App., 248.

Defendant alleges settlement of his contract obligation in paragraph two of his answer and plaintiffs' reply makes no denial of the claimed settlement. For this reason, and for the further reason that the amount claimed by plaintiffs is in no way established by evidence, the judgment of the trial court is reversed and the case remanded to the trial court with the direction to dismiss the plaintiffs' petition and award defendant his costs expended.

*Judgment reversed.*

Duffy, P. J., and Bryant, J., concur.