DECISION
Plaintiff-appellee, George Byers Sons, Inc., dba Byers Chevrolet, filed a complaint in the Franklin County Municipal Court against defendants-appellants, Norman Smith and Norman Auto Sales. Appellee alleged that it had sold a motor vehicle to appellants and that appellants refused to pay the amount due and owing, $5,550. After a bench trial, the trial court issued a written entry awarding judgment to appellee. Appellants present the following assignments of error for review:
 I. THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT APPELLANTS WERE ATTEMPTING TO ASSERT THE AFFIRMATIVE DEFENSE OF PAYMENT AND DENIED APPELLANTS THE OPPORTUNITY TO REBUT OR REFUTE EVIDENCE OF NONPAYMENT PRESENTED BY APPELLEES.
 II. THE TRIAL COURT ERRED BY DENYING APPELLANTS THE RIGHT TO CROSS-EXAMINE APPELLEE'S WITNESSES AS TO THEIR DIRECT TESTIMONY THAT THE APPELLANTS DID NOT PAY.
 III. THE TRIAL COURT ERRED BY DENYING THE APPELLANTS THE RIGHT TO PRESENT TESTIMONY AND EVIDENCE IN THEIR CASE IN CHIEF THAT WOULD HAVE REBUTTED TESTIMONY AND EVIDENCE PRESENTED BY THE APPELLEE IN ITS CASE IN CHIEF. SAID ACTION CONSTITUTES A PREJUDICIAL ABUSE OF DISCRETION.
Appellant Norman Smith is a used car dealer. On February 19, 1997, he purchased a used Mercedes from appellee for $5,550. Appellee delivered the title of the Mercedes to appellant Norman Auto Sales, Norman Smith's dealership, around March 4, 1997. Appellee alleged that appellants did not pay for the car and initiated the present action. In their answer, appellants admitted that appellee sold them the Mercedes and generally denied the allegations in the complaint that they had not paid for the car. A general denial is insufficient to plead an affirmative defense. Cooper v. Grace Baptist Church of Columbus, Ohio, Inc.
(1992), 81 Ohio App.3d 728, 734. Consequently, appellants' answer cannot be construed as pleading the affirmative defense of payment.
At trial, Donald Grant, treasurer of George Byers Sons, Inc., testified that he had no record of receiving any monies from the February 1997 sale of the Mercedes. Grant added that appellants claimed to have paid for the Mercedes with a check, but they did not produce a copy of the check despite Grant's request that they do so. Grant acknowledged that it was company policy not to deliver a title until payment was received. Charles Greene, general sales manager for appellee, testified that appellants received title to the Mercedes due to human error.
Appellee objected to appellants' question to Grant on cross-examination, asking if the delivery of the car's title to appellants was some proof of payment. Appellee argued that, because appellants failed to plead the affirmative defense of payment in their answer, they had waived this affirmative defense and could not pursue it. The trial court ruled for appellee and stated that it would not allow the defense of payment. Thus, appellants were precluded from pursuing the issue of payment during both their cross-examination of appellee's witnesses and their case-in-chief.
The trial court found that appellants had the car, but had not paid for it, and awarded judgment to appellee against appellants in the amount of $5,550 plus costs and interest at a rate of ten percent per annum from February 19, 1997.
In their first assignment of error, appellants assert that the trial court erred when it denied them the opportunity to rebut or refute appellee's evidence of nonpayment. Appellants do not dispute that their defense to appellee's claim is that they paid for the vehicle; however, they contend that they were not attempting to assert the affirmative defense of payment.
Civ.R. 8(C) provides, in part, as follows: "Affirmativedefenses. In pleading to a preceding pleading, a party shall set forth affirmatively * * * payment * * * and any other matter constituting an avoidance or affirmative defense."
Affirmative defenses not raised in the pleadings or an amendment to the pleadings are waived. Jim's Steak House, Inc. v.Cleveland (1998), 81 Ohio St.3d 18, 20, citing Civ.R. 8 and 15.
Appellants rely on Chandler v. General Motors AcceptanceCorp. (1980), 68 Ohio App.2d 30, and State ex rel. The PlainDealer Publishing Co. v. Cleveland (1996), 75 Ohio St.3d 31, to support their position that they were not attempting to assert an affirmative defense when they attempted to cross-examine Grant as to his assertions that Byers had not been paid for the car.
In Chandler, the court found that failure to minimize damages is not an affirmative defense under Civ.R. 8(C). The court observed that the purpose of requiring affirmative defenses to be pleaded is to avoid surprise at trial. The court found no surprise because the original complaint set forth all the facts bearing on the defense.
In State ex rel. The Plain Dealer, the court considered the issue of whether exceptions to disclosure under R.C. 149.43
are affirmative defenses and concluded that they are not. The court defined affirmative defense as "a new matter which, assuming the complaint to be true, constitutes a defense to it. * * * "[A]ny defensive matter in the nature of a confession and avoidance. It admits that the plaintiff has a claim (the "confession") but asserts some legal reason why the plaintiff cannot have any recovery on that claim (the "avoidance").'" Id. at 33.
Neither Chandler nor State ex rel. The Plain Dealer
addresses the issue that appellant's first assignment raises: that Civ.R. 8(C) does not apply to payment — a defense it expressly lists — under the facts of the present appeal. Rather, Chandler
and State ex rel. The Plain Dealer considered whether a defense not expressly listed in Civ.R. 8(C) needed to be affirmatively pleaded to avoid being waived. Appellants do not cite, nor is this court aware of, a case indicating that not all defenses of payment must be affirmatively pleaded under Civ.R. 8(C). In fact, case law involving contract actions similar to the present action provides that the defense of payment must be affirmatively pleaded. See Weber v. Billman (1956), 165 Ohio St. 431, 439;Seymour v. Primrose (1963), 120 Ohio App. 466, 468; and Benson v.Lamb (1951), 89 Ohio App. 248, 252.
In McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 186, Section 7.32, Judge McCormac notes that the reasons for requiring payment to be pleaded are different than the usual reasons. "[P]ayment is generally not an issue and defendant is usually in a better position to produce proof of payment than plaintiff is to prove non-payment. Consequently, defendant must allege payment affirmatively in the case where it is a good faith issue."
The language of Civ.R. 8(C) and its federal equivalent, Fed.R. 8(c), is almost identical. In their discussion of Fed.R. 8(c), Wright and Miller note that it does not attempt to define the concept of affirmative defense. Instead, Fed.R. 8(c) requires a defendant to affirmatively plead any of the listed defenses he wishes to assert, despite the fact that some of the listed defenses were not viewed as pleas by way of confession and avoidance at common law. Wright Miller, Federal Practice and Procedure: Civil 2d Section 1270, at 413. Wright and Miller characterize Fed.R. 8(c) as serving a dual purpose: (1) to avoid controversy over the issue of what is an "affirmative defense"; and (2) to "make it clear that certain regularly occurring matters must be set forth affirmatively before they will be considered by the court." Id. This discussion supports an interpretation of Civ.R. 8(C) that is consistent with a plain reading of the rule: that the defense of payment must be affirmatively pleaded regardless of the specific circumstances of the case.
Accordingly, in light of both case precedent and Civ.R. 8(C)'s unqualified identification of payment as an affirmative defense that must be pled, this court finds that appellants waived the defense of payment when they failed to affirmatively plead it in their original answer or attempt to amend their answer pursuant to Civ.R. 15. Appellants' first assignment of error is overruled.
In their second assignment of error, appellants contend that the trial court abused its discretion when it ruled that they could not cross-examine appellee's witnesses as to their assertions that it had not been paid. Appellants assert that this ruling effectively barred them from defending against appellee's allegations.
Evid.R. 611(B) states that "[c]ross-examination shall be permitted on all relevant matters and matters affecting credibility." Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
The scope of cross-examination rests within the sound discretion of the trial judge and the judge's ruling will not be disturbed absent a clear and prejudicial abuse of discretion.Sutherland v. Nationwide Gen. Ins. Co. (1994), 96 Ohio App.3d 793,812. In light of the trial court's ruling that appellants had waived their right to argue the defense of payment, the question of payment could not be determinative to the action and any testimony on this point would not be relevant. Therefore, the trial court did not abuse its discretion when it ruled that appellants could not pursue the defense of payment when cross-examining appellee's witnesses. See, also, Foremost Ins.Co. v. Gimbel Agency, Inc. (Aug. 29, 1997), Portage App. No. 96-P-0203, unreported (because defendant did not plead affirmative defense of payment, trial court properly limited testimony on payment).
For the above reasons, appellants' second assignment of error is overruled.
In their third assignment of error, appellants assert that the trial court abused its discretion when it did not allow appellants to present evidence of payment in their case-in-chief. Thus, Norman Smith's testimony, regarding a conversation he had with an employee of appellee in which the employee told him that appellee had lost the records to the sale of the Mercedes and needed some verification from appellant, was stopped by the court without further testimony.
Relevant evidence is generally admissible and irrelevant evidence is not admissible. Evid.R. 402. Furthermore, a trial court has broad discretion to admit or exclude evidence. Paul v.Moore (1995), 102 Ohio App.3d 748, 757.
Had appellants not waived the defense of payment, it would have been a central issue at trial. However, the defense of payment was waived and, consequently, testimony addressing the question of payment was not relevant and the trial court acted within its discretion when it precluded appellants from presenting testimony on the topic of payment in their case-in-chief. Appellants' third assignment of error is, therefore, overruled.
Appellants' three assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS, P.J., concurs.
BROWN, J., dissents.