OPINION
{¶ 1} Appellant Brian Jones ("Jones") appeals the decision of the Guernsey County Court of Common Pleas, Juvenile Division, that granted permanent custody of two of his three children to Appellee Guernsey County Children Services Board. ("GCCSB"). The following facts give rise to this appeal.
 {¶ 2} In April 2003, GCCSB filed a complaint alleging the three minor children of Tammy Jones and Appellant Brian Jones were dependent, neglected and/or abused. On April 17, 2003, the trial court awarded temporary custody of the children to GCCSB. The trial court found the children to be both dependent and abused on June 26, 2003. Thereafter, on December 1, 2004, the trial court granted temporary custody of the three children to Tammy Jones and the trial court terminated GCCSB's temporary custody.
 {¶ 3} On March 22, 2005, GCCSB moved to terminate protective supervision and return temporary custody to GCCSB. At the conclusion of a hearing conducted by the trial court on March 30, 2005, the court found an emergency existed and removed the children from Tammy Jones' custody. On June 7, 2005, the trial court granted temporary custody to GCCSB. GCCSB moved for permanent custody of the children on July 28, 2005. The trial court conducted hearings on GCCSB's request for permanent custody on January 12, 2006 and January 20, 2006. On January 31, 2006, the trial court denied the motion for permanent custody as to the oldest child, Mercedes, but granted the motion as to Opel and Alexis.
 {¶ 4} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration.
 {¶ 5} "I. THE FINDING OF FACT OR CONCLUSION OF LAW OF THE JUVENILE COURT THAT THE CHILDREN HAD BONDED MORE WITH THE FOSTER PARENTS THAN THEIR OWN PARENTS IS AGAINST THE WEIGHT OF THE EVIDENCE AND IS AN ABUSE OF DISCRETION."
 I {¶ 6} In his sole assignment of error, appellant maintains the trial court's conclusion that the two youngest children, Opel and Alexis, had bonded more with the foster parents than their biological parents is against the manifest weight of the evidence. We disagree.
 {¶ 7} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder can base its judgment. CrossTruck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 8} The bonding of a child with his or her parents is one factor the trial court is required to consider when addressing the best interest of a child. This factor is contained in R.C.2151.414(D), which provides as follows:
 {¶ 9} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 10} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 11} "(3) The custodial history of the child;
 {¶ 12} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; and
 {¶ 13} "(5) Whether any factors listed under R.C.2151.414(E)(7) to (11) apply."
 {¶ 14} Appellant argues, in his brief, that the persuasive weight of the evidence is that the two youngest children, Opel and Alexis, are bonded more with their biological parents than their foster parents. The trial court found otherwise in its journal entry. In its conclusions of law, the trial court specifically determined that Opel and Alexis were bonded more with their foster parents than their biological parents. Journal Entry, Jan. 31, 2006, at 4. The trial court also specifically noted the children do not want to return to appellant. Id.
 {¶ 15} We do not find, in our review of the record, any evidence to support the conclusion that appellant and Tammy Jones are more bonded with the children than their foster parents. The record does contain some testimony regarding Tammy Jones' relationship with Opel and Alexis. Both Chris Hannahs, a caseworker, and Maria Frank, an employee of the Diversion Program, testified that Tammy Jones is bonded with the children. See Tr. Vol. I at 146-147, 97. However, although Tammy Jones may have a strong relationship with her daughters, we do not find this factor, alone, is sufficient to find the trial court's judgment is against the manifest weight of the evidence. There are other factors that also must be considered under R.C.2151.414(D).
 {¶ 16} The trial court found these other factors, especially Tammy Jones' inability to guarantee the safety of her children overrode the fact that she may be bonded with her children. The trial court stated, in its conclusions of law, that, "[t]he mother has consistently failed to both recognize threats to the children's safety and take all reasonable steps to protect the children from those threats. The two youngest children are vulnerable to the mother's omission. * * *" Journal Entry, Jan. 31, 2006, at 5.
 {¶ 17} Based upon the above evidence, we conclude the trial court's finding that Opel and Alexis are more bonded with the foster parents than their biological parents is not against the manifest weight of the evidence.
 {¶ 18} Appellant's sole assignment of error is overruled.
 {¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is hereby affirmed.
By: Wise, P.J. Edwards, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is affirmed.
Costs assessed to Appellant.