OPINION
{¶ 1} Appellant-father Brian Jones appeals the decision of the Guernsey County Court of Common Pleas, Juvenile Division, which granted permanent custody of his child, Mercedes Jones, to Appellee Guernsey County Children Services Board. ("GCCSB").
 {¶ 2} The following facts give rise to this appeal.
 {¶ 3} In April 2003, GCCSB filed a complaint alleging the three minor children of Tammy Jones and appellant, Brian Jones, were dependent, neglected and/or abused. On April 17, 2003, the trial court awarded temporary custody of the children to GCCSB. The trial court found the children to be both dependent and abused on June 26, 2003. Thereafter, on December 1, 2004, the trial court granted temporary custody of the three children to appellant and the trial court terminated GCCSB's temporary custody.
 {¶ 4} On March 22, 2005, GCCSB moved to terminate protective supervision and return temporary custody to GCCSB. At the conclusion of a hearing conducted by the trial court on March 30, 2005, the court found an emergency existed and removed the children from the mother's custody. On June 7, 2005, the trial court granted temporary custody to GCCSB. GCCSB moved for permanent custody of the children on *Page 3 
July 28, 2005. The trial court conducted hearings on GCCSB's request for permanent custody on January 12, 2006 and January 20, 2006. Appellant-father was represented by counsel and participated in those hearing. On January 31, 2006, the trial court denied the motion for permanent custody as to the oldest child, Mercedes, but granted the motion as to Opel and Alexis. The trial court returned custody of Mercedes to her mother.
 {¶ 5} On February 27, 2006, Mother filed a notice of appeal, and on March 3, 2006, father's attorney filed a notice of appeal. Father did not appeal the grant of custody of Mercedes to her mother. On March 15, 2006, the GCCSB filed a notice of cross appeal in the mother's case.
 {¶ 6} On June 29, 2006, this Court reversed the lower court's order granting the mother custody of Mercedes, stating that the trial court's denial of the motion for permanent custody was "against the manifest weight of the evidence and is not supported by clear and convincing evidence." Based on these findings, this Court remanded the case for "further proceedings consistent with this opinion." See, In reJones, 5th Dist. No. 06 CA 9, 2006-Ohio-3363.
 {¶ 7} Mother through her counsel filed a motion in the trial court for an oral hearing on July 18, 2006. Counsel for Mercedes Jones also filed a motion for an oral hearing on August 15, 2006. On August 23, 2006, the Guernsey County Juvenile Court issued an entry stating that the Court "did not need to receive additional evidence unless the reversing error would require additional evidence. The Court of Appeals reversed not only upon the ground that the Court's decision was not supported by clear and convincing evidence but also that the decision was against the manifest weight of *Page 4 
the evidence." (Journal Entry, filed August 28, 2006). Based on this finding, the Juvenile Court found that the permanent custody motion of the Guernsey County Children Services Board should be granted, thereby divesting the mother of her parental rights and obligations, and that this granting of permanent custody was in the best interest of the minor child. (Id.).
 {¶ 8} On September 6, 2006, mother filed her Notice of Appeal. This Court remanded the case to the trial court on December 21, 2006, holding that the appellant-father's rights had not been resolved. We dismissed the mother's appeal and remanded the case for "further proceedings pertaining to the father's parental rights." On December 27, 2006, the Guernsey County Juvenile Court divested the appellant-father of all parental rights by Judgment Entry. It is from this order that the appellant-father now appeals, raising the following assignment of error:
 {¶ 9} "I. THE GUERNSEY COUNTY JUVENILE COURT DEPRIVED BRIAN JONES OF HIS PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS GUARANTEED TO HIM BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION AND COMMITTED PREJUDICIAL ERROR WHEN THE JUVENILE COURT MODIFIED CUSTODY AND TERMINATED BRIAN JONES' PARENTAL RIGHTS WITHOUT PROVIDING NOTICE OR WITHOUT A HEARING."
 {¶ 10} In his sole assignment of error appellant contends that the trial court should have conducted a hearing after this Court reversed and remanded the mother's case, and further that he was denied due process because he did not receive notice prior to the trial court divesting him of his parental rights. Appellant contends that he *Page 5 
was entitled to notice and an opportunity to be heard because the trial court's original order granted custody of Mercedes to her mother; the trial court at that time did not divest appellant-father of his parental rights with respect to this child. We disagree.
 {¶ 11} "The doctrine of the law of the case mandates that lower courts must apply the law as determined by appellate courts on legal questions involved for all subsequent proceedings at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1, 462 N.E.2d 410. The doctrine of the law of the case is applicable herein to the extent the trial court must grant permanent custody of the minor child to the GCCSB.
 {¶ 12} When an appellate court remands a case for a limited purpose, "the trial court [is] obliged to accept all issues previously adjudicated as finally settled." Blackwell v. Internatl. Union,U.A.W. (1984), 21 Ohio App.3d 110, 112, 487 N.E.2d 334. See, also,Flynn v. Flynn, Franklin App. No. 03AP612, 2004-Ohio-3881, at ¶ 16 ("[a] remand for `further proceedings' should not be interpreted as a remand for `further hearings' where no further hearings would have been required from the point of error forward"); Orrville Products, Inc. v.MPI, Inc. (June 9, 1994), Cuyahoga App. No. 65184 ("[o]n remand, a trial court must obey the mandate of the court of appeals[,] * * * [t]he order of remand restores the trial court with jurisdiction to carry out the directive of the court of appeals"). Cugini and Capoccia Builders, Inc.v. Ciminello's, Inc. 10th Dist No. 06AP-210,2006-Ohio-5787 at ¶ 32.
 {¶ 13} In In re Lynch (Aug. 21, 1985), 9th Dist. No. 11995, the Court considered an appeal from an order terminating parental rights brought on behalf of a parent. The father, in that case, sought a new trial based upon facts occurring after the permanent *Page 6 
custody hearing. The Court denied the appeal, stating that "post hearing acts cannot be used as `newly discovered evidence" `and, furthermore, that they were not relevant to the question then before the court, i.e. whether the father had theretofore met the requirements of the reunification plan". Id. at 4. See, also, Bachtel v. Bachtel, 7th Dist. No. 03 MA 75, 2004-Ohio-2807, at ¶ 46 (new conditions cannot change the result of a past trial and are not material to the issues at trial);Zimmerman v. Zimmerman (June 18, 1990), 12th Dist. No. CA89-08-069 (events occurring after trial are not relevant to the question before the court). See also In re S.S., A.S. and J.S., 9th Dist. No. 04CA0032, 2004-Ohio-5371 at ¶ 13; 15. [Permanent custody].
 {¶ 14} Appellant's present appeal arises from this Court's decision in the mother's case in which we found that permanent custody should have been granted. Appellant was present and participated in the original permanent custody trial. Accordingly he had notice and an opportunity to defend against the motion for permanent custody. Appellant-father had the opportunity to advocate that he be granted custody of Mercedes at that trial. The trial court did not grant appellant-father custody of the child at the conclusion of the permanent custody hearing. Appellant appealed the trial court's decision granting permanent custody of the two younger children to the GCCSB. See, In re: Jones, 5th
Dist. No. 06 CA 10, 2006-Ohio-3364. Appellant did not appeal the trial court's ruling returning custody of Mercedes to her mother.
 {¶ 15} We conclude that evidence of events occurring after the hearing on the motion for permanent custody is not proper "newly discovered evidence" because those facts were not in existence at the time of trial. Moreover, those events had no relevance *Page 7 
to the question of whether parental rights should have been terminated as of the time of the first trial. Accordingly, we conclude that the trial court did not err in overruling the motion for a post-remand hearing. Nor did the trial court err in granting the motion for permanent custody of the minor child in accordance with the evidence and with knowledge of this Court's decision in the mother's case.
 {¶ 16} Appellant's sole assignment of error is overruled.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is hereby affirmed.
 By Gwin, P.J., and Wise, J., concur; Hoffman, J., dissents *Page 8