CAUFFIEL MACHINERY COMPANY, APPELLANT, *v.* EASTERN
STEEL & METAL COMPANY, APPELLEE.

(No. L-77-112—Decided March 3, 1978.)

2

*Mr. Charles J. Smith,* for appellant.
*Mr. James R. Jeffery,* for appellee.

POTTER, P. J. Appellant Cauffiel Machinery Company filed suit in Lucas County Common Pleas Court on January 7, 1976, to collect on a promissory note executed in 1965 by appellee Eastern Steel & Metal Company in final payment for a purchase of machinery from Cauffiel. Eastern entered a general denial and raised the defenses of the statute of limitations and *res judicata.* It counterclaimed for a breach of warranty of the underlying sales contract. The trial court found that Cauffiel had breached the sales contract and held that the conduct of both parties indicated an agreement to accept Eastern's refusal to honor the note as a form of liquidated damages. The court ordered judgment for Eastern on the complaint and for Cauffiel on the counterclaim and dismissed both complaint and counterclaim with prejudice. From that judgment Cauffiel appeals and files the following assignments of error:

"1. The Court erred in finding that defendant rightfully deducted damages for breach of the purchase contract from the amount due on the note given in payment of the purchase contract.

"2. The Court erred in finding in effect, that breach of the purchase contract was a defense to the note.

"3. The court erred in holding that plaintiff agreed to a set-off.

"4. The Court erred in refusing to permit plaintiff's trial counsel to testify on plaintiffs (*sic*) behalf.

"5. The Court erred in failing to enter judgment for plaintiff on the note."

We find the first assignment of error to be not well taken. Appellant asserts that R. C. 1302.91 (UCC2-717) which allows the buyer to deduct damages for breach of contract from any part of the purchase price still due is inapplicable in the instant case because there was no part of the purchase price still due; the note, once given, hav-

ing operated to pay the balance of the price and thus to discharge the obligation. Appellant's argument ignores R. C. 1303.75 (UCC3-802) which provides in pertinent part:

"(A) Unless otherwise agreed where an instrument is taken for an underlying obligation:

"(1) the obligation is pro tanto discharged if a bank is drawer, maker, or acceptor of the instrument and there is no recourse on the instrument against the underlying obligor; and

"(2) in any other case the obligation is suspended pro tanto until the instrument is due or if it is payable on demand until its presentment. If the instrument is dishonored action may be maintained on either the instrument or the obligation; discharge of the underlying obligor on the instrument also discharges him on the obligation."

Thus, the note given by Eastern to Cauffiel merely suspended Eastern's obligation to pay the balance of the purchase price and did not discharge it. Eastern did not lose its rights because it gave a note and a deduction may be taken for any breach. See 67 American Jurisprudence 2d 875, 876, Sales, Sections 675 and 676. Eastern's stop payment order on the note and other actions constituted reasonable notice after Eastern, the buyer, discovered the breach. "The contents of the required notification need not be in any particular form." See 67 American Jurisprudence 2d 942 Sales, Section 728.

The third assignment of error is to the effect that the trial court's finding that the plaintiff agreed to a set-off is in error. We find from the record that plaintiff did not accept a set-off. The mere lapse of time between the stop payment order and the filing of suit is insufficient to constitute acceptance of the set-off, and laches, if applicable, were neither pleaded nor proved by appellee.

However, defendant did maintain its burden and did establish that its damages resulting from the breach of the sales contract were in excess of the amount due on the note. Cf. Puritan Mfg. Inc. v. I. Klayman & Co. (E. D. Penn. 1974), 379 F. Supp. 1306; 2 Anderson Uniform Com-

4

mercial Code 491, Section 2-717:5 (2d ed. 1971). Therefore assignment of error No. 3 is not prejudicial and for this reason is not well taken.

Appellant was not prejudiced by the trial court's refusal to allow its counsel to testify. The testimony that counsel wished to give was, in effect, introduced by witness Cauffiel and by plaintiff's exhibit 2. Assignment of error No. 4 is not well taken.

Coming now to the second and fifth assignments of error, we find both not well taken.

Appellant asserts that R. C. 1303.44, wherein it refers to "antecedent obligation," bars all defenses to its claim and defendant-appellee has to resort solely to its counterclaim which is barred by the statute of limitations.

Appellant's argument misperceives the effect and purpose of R. C. 1303.44 (UCC3-408). That section provides:

"Section 1303.44 (UCC 3-408) Consideration.

"Want or failure of consideration is a defense as against any person not having the rights of a holder in due course, as provided in section 1303.34 of the Revised Code, except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind. Nothing in this section shall be taken to displace any provision of the Revised Code other than as contained in Chapters 1301., 1302., 1303., 1304., 1305., 1306., 1307., 1308., and 1309. of the Revised Code, under which a promise is enforceable notwithstanding lack or failure of consideration. Partial failure of consideration is a defense pro tanto whether or not the failure is in an ascertained or liquidated amount."

The drafter's comments to that section provide, in part:

"2. The 'except' clause is intended to remove the difficulties which have arisen where a note or a draft, or an indorsement of either, is given as payment or as security for a debt already owed by the party giving it, or by a third person. The provision is intended to change the result of decisions holding that where no extension of time

or other concession is given by the creditor the new obligation fails for lack of legal consideration.''

Thus, it is clear that R. C. 1303.44 was only intended to remove a technical common law defense to notes. The section says nothing about the consideration required to support the underlying obligation or defenses to the underlying obligation. To interpret R. C. 1303.44 as barring the raising of a defense to the underlying contract would, in effect, turn every holder of a note given for an antecedent debt into a holder in due course free from all ordinary contract defenses. Such was clearly not the intent of the drafters. At least as between the original parties, failure of consideration with respect to the underlying contract is always available as a defense. See 67 American Jurisprudence 2d 828, Sales, Section 634.

Appellant has not contended that it is a holder in due course. R. C. 1303.35 (UCC3-306) provides, in pertinent part:

"Unless he has the rights of a holder in due course any person takes the instrument subject to:

"(A) all valid claims to it on the part of any person; and

"(B) all defenses of any party which would be available in an action on a simple contract; and

"(C) the defenses of want or failure of consideration non-performance of any condition precedent, non-delivery, or delivery for a special purpose; * * *.''

Thus, appellant, by bringing suit only on the note, cannot avoid defenses to the underlying contract. In its original pleading, appellee sought affirmative relief by way of counterclaim. Affirmative relief would be based on breach of contract and, as such, would be barred by the statute of limitations, R. C. 1302.98. The statute of limitations does not, however, operate to bar strict defenses, that is, defenses which grow out of the same transaction connected with plaintiff's claim. *Summers* v. *Connolly* (1953), 159 Ohio St. 396. Appellee's defense by way of recoupment was not barred and was properly considered. Recoupment is a defense which arises out of the same trans-

action as plaintiff's claim, is a claim of right to reduce the amount demanded and can be had only to an extent sufficient to satisfy the plaintiff's claim. As noted in 20 American Jurisprudence 2d 235, Counterclaim, Recoupment, and Setoff, Section 11:

"* * * [R]ecoupment goes to the justice of the plaintiff's claim, and no affirmative judgment can be had thereon * * *. [I]t does not confess the indebtedness alleged in the complaint, as is understood by a setoff, but its proposition is that the plaintiff's claim is based on a particular contract or transaction and that to entitle the plaintiff to the sum claimed, he must prove compliance with certain obligations of the contract; that he failed to do so; and therefore that the defendant has been so damaged in the transaction that the plaintiff is not entitled to recover."

See also 67 American Jurisprudence 2d 828, Sales, Section 634, *supra*. In the case *sub judice* plaintiff made a *prima facie* case upon presentation of the note; however, defendant did not lose its right of recoupment. Recoupment survives as long as the main cause of action survives and is not barred by a period of limitation so long as the main action is timely. *Conway* v. *Ogier* (1961), 115 Ohio App. 251. *Cf.* R. C. 2309.19, 14 Ohio Jurisprudence 2d 132, Counterclaim, Section 23. See also 34 Ohio Jurisprudence 2d 511, Limitation of Actions, Section 24.

We find, therefore, that the trial court properly dismissed defendant's counterclaim, rightfully allowed appellee's defense of recoupment and correctly refused to enter judgment for appellant on the note.

On consideration whereof, the court finds substantial justice has been done the party complaining; and the judgment of the Lucas County Common Pleas Court is affirmed at appellant's cost. This cause is remanded to such court for execution for costs.

*Judgment affirmed.*

Brown and Connors, JJ., concur.